MARY KROESSIN v. WILHELMINA KELLER.[1]

March 5, 1895.

No. 9043.

**Criminal Conversation—Action by Wife.**

In this state a married woman cannot maintain an action simply in the nature of crim. con. against another woman.

Appeal by defendant from an order of the district court for Stearns county, Searle, J., overruling a demurrer to the complaint. Reversed.

*Theo. Bruener* and *D. T. Calhoun,* for appellant.

At common law the actions by a husband for enticing away his wife and for criminal conversation were distinct. The basis of the

[1] Reported in 62 N. W. 438.

action for criminal conversation does not exist where the wife is plaintiff. Doe v. Roe, 82 Me. 503, 20 Atl. 83; Duffies v. Duffies, 76 Wis. 374, 45 N. W. 523. The acts relating to married women do not create any new cause of action. The wife had no cause of action at common law. See Winsmore v. Greenbank, Willes, 577; Bigelow, Lead. Cas. 328. The cases relied on to sustain the action are nearly all for enticing away.

*Geo. H. Reynolds,* for respondent.

Under G. S. 1894, § 5530, the wife "shall receive the same protection of all her rights, as a woman, which her husband does, as a man; and for any injury sustained to her reputation, person, property, character, or any natural right, she shall have the same right to appeal, in her own name alone, to the courts of law or equity, for redress and protection that her husband has to appear in his name alone." In states where there are statutes not nearly so broad and comprehensive as in Minnesota, a married woman can maintain an action for alienation of her husband's affections. Card v. Foot, 57 Conn. 427, 18 Atl. 1027; Bennett v. Bennett, 116 N. Y. 584, 23 N. E. 17; Jaynes v. Jaynes, 39 Hun, 40; Mehrhoff v. Mehrhoff, 26 Fed. 13; Cooley, Torts (2d Ed.) 267, note 2; Holmes v. Holmes, 133 Ind. 386, 32 N. E. 932; Waldron v. Waldron, 45 Fed. 315; Reed v. Reed, 6 Ind. App. 317, 33 N. E. 638.

COLLINS, J. This is an action brought by a married woman against one of her own sex to recover damages, following, in a general way, the common-law form of declarations in crim. con. A general demurrer to the complaint was overruled in the court below, and by this appeal we are required to determine whether such an action can be maintained; the right to recover being based solely on alleged adulterous acts between plaintiff's husband and the defendant. It is to be noticed here that it is not alleged that the defendant was the seducer of the husband, or that plaintiff has been deprived of his support; nor is it an action for enticing the husband away, or for inducing him to abandon or desert his wife. We are quite safe in saying that at common law no such action could have been maintained. The injured husband alone brought crim. con.,

and he could sustain the action by simply showing adulterous intercourse. The grounds on which the right to recover was based are well stated in Cooley on Torts, 224, and the principal elements were the disgrace which attached to the plaintiff as the husband of the unfaithful wife,—and no such disgrace has ever rested upon the wife, if there was one, of the guilty defendant,—and, of more importance, the danger that a wife's infidelity might not only impose on her husband the support of children not his own, but, still worse, cast discredit upon the legitimacy of those really begotten by him. Because of these elements, the man was always conclusively presumed to be the guilty party. In the eye of the law, the female could not even give her consent to the adulterous acts, and, as a result, it was no defense in this form of action that the defendant had been enticed into criminal conversation through the acts and practices of the woman. From this statement as to the grounds or elements constituting this action, it will be seen that the principal ones cannot possibly exist or be involved in a similar action brought by a wife. And what has been said about the unavailability of the defense that the defendant himself was the victim, and not the seducer, is suggestive of what the courts might have to hold to be the rule of pleading, and what they might have to inquire into, upon the trial of an action of this kind. Would it be held, following the old rule we have mentioned, and for which the reason seems well founded, that it was no defense for the female sued to allege and prove that she was the party seduced, and that the greater wrong and injury had been inflicted upon her, not upon the plaintiff wife? or would the contrary rule prevail? But we need not consider the subject further, for a moment's reflection will suggest the remarkable results flowing from the adoption of either rule.

We have been cited to quite a number of cases, determined in the courts of last resort in this country, in which it has been held, without much stress being laid on statutes concerning the rights of married women, that an action may be maintained by a wife against one who wrongfully induces and procures her husband to abandon or send her away. Westlake v. Westlake, 34 Ohio St. 621, the court being divided in opinion, is a leading case on this view of the subject. A later one, announcing the same doctrine, but made to rest much

more on the married woman's acts in the state of Michigan, and similar to our own, is Warren v. Warren, 89 Mich. 123, 50 N. W. 842. The plaintiff's counsel has been industrious in collecting this class of cases in his brief, and to them we add Price v. Price (Iowa) 60 N. W. 202. But even on this proposition, and despite broad statutory enactments affecting the rights of married women, the courts are not entirely agreed, for in Maine and Wisconsin it has been held that such an action cannot be maintained. Doe v. Roe, 82 Me. 503, 20 Atl. 83; Duffies v. Duffies, 76 Wis. 374, 45 N. W. 522. But we need not decide, as between these cases, for the exact question raised by the demurrer here was not the one under consideration in any we have cited. They were brought for enticing away the husband; causing him to withdraw his support from the wife; to abandon or desert her,—an entirely distinct and separate cause of action from that set out in the plaintiff's complaint. At common law this form of action was wholly different in pleadings and proof, as well as parties, from crim. con. It proceeded, and still proceeds, upon different grounds, and we do not regard cases of that nature as authority in this. We are not unmindful of the fact that plaintiff's counsel has presented two cases—Seaver v. Adams (N. H.) 19 Atl. 776, and Haynes v. Nowlin, 129 Ind. 581, 29 N. E. 389—in which it is held that an action by a wife against another woman, based on a complaint very much like this, will lie. But in these cases the authorities before referred to are cited and relied on as directly in point. The courts rendering these decisions do not seem to have considered that there is, and inevitably must be, a marked distinction between an action charging a defendant with having induced and enticed a husband to withdraw his support from his wife and to abandon and desert her and one similar to crim. con. We think the difference noticeable and material, although we do not wish to be understood as holding that the one first mentioned will lie. That question is not before us, and we simply express our conviction that a wife cannot maintain an action in the nature of crim. con. Such actions would "seem to be better calculated to inflict pain upon innocent members of the families of the parties than to secure redress to the persons injured." The power to bring such actions would furnish wives "with the means of inflicting untold misery upon others, with

little hope of redress for themselves." We find nothing in our stat-utes in respect to the rights of married women which indicates that the power to proceed in this form of action was intended to be conferred. Attention has been called to G. S. 1894, § 5530 (Laws 1887, c. 207, § 1). We have heretofore had occasion to comment upon that act, and have not changed our views as then expressed. Althen v. Tarbox, 48 Minn. 18, 50 N. W. 1018.

Order reversed.