CATHERINE J. SICKLER V. ELLEN MANNIX.

FILED FEBRUARY 17, 1903.    No. 12,595.

1. **Petition for Alienation of Husband's Affections.** Petition for alienating the affections of a husband examined, and *held* sufficient.

2. **Judgment Record as Evidence.** A judgment record can not be used in favor of a stranger to establish facts recited in the judgment unless such finding is based on an admission made by the party against whom it is sought to be used.

ERROR to the district court for Buffalo county: HOMER M. SULLIVAN, DISTRICT JUDGE. *Affirmed.*

*William Gaslin, Andrew G. Wolfenbarger* and *John Everson,* for plaintiff in error.

*E. Frank Brown* and *Hector M. Sinclair, contra.*

DUFFIE, C.

This action was brought by Ellen Mannix to recover from Mrs. Sickler damages sustained for alienating the affections of her husband, W. W. Mannix. A trial resulted in a verdict for the plaintiff below for $10,000. The court ordered a remittitur of $7,000, to which the plaintiff submitted, and judgment was entered in her favor for $3,000, from which the defendant below has taken error.

Twenty separate assignments of error are set out in the petition filed in this court, but as the brief filed in support thereof fails to discuss many of these assignments, we are required to notice only those that are supported therein by argument and upon the oral presentation of the case when it was submitted.

It is insisted that the petition does not state a cause of action against the defendant, in that it fails to charge that the plaintiff in error was actuated by malicious motives in alienating the affections of the plaintiff's husband. *Westlake v. Westlake,* 34 Ohio St. 621, 32 Am. Rep. 397, is one of the authorities relied on by the plaintiff in error in support of this contention. In that case the defendant requested a charge that "to entitle the plaintiff to recover the defendant must have maliciously caused the separation of the husband and wife." Relating to this, the court said (p. 634) : "This charge ought to have been given. The term malice, as applied to torts, does not necessarily mean that which must proceed from a spiteful, malignant, or revengeful disposition, but a conduct injurious to another, though proceeding from an ill-regulated mind, not sufficiently cautious before it occasions an injury to another. *Weckerly v. Geyer,* 11 Serg. & R. 39, 40. If the conduct of the defendant was unjustifiable and actually caused the injury complained of by the plaintiff, which was a question for the jury, malice in law would be implied from such conduct, and the court should have so charged." This, we think, is the trend of all the decisions on the question, and a petition which charges that the defendant "wrongfully, wickedly and unlawfully sought and courted the society of plaintiff's husband," as does the one under consideration, sufficiently charges that it was maliciously done.

It is not controverted that after the commencement of this action and before the trial was had, W. W. Mannix, the husband, obtained a divorce from Ellen Mannix, the defendant in error. The decree was entered in the circuit court of Fall River county, South Dakota, after a trial at

which Mrs. Mannix appeared and litigated her husband's right to a divorce. The court found that Mrs. Mannix was guilty of extreme cruelty to her husband, and judgment went against her on that ground. This decree was offered in evidence by the plaintiff in error and refused by the court, and complaint is made of this ruling on the ground that the finding of the court of cruel treatment on the part of Mrs. Mannix was evidence against her and would tend to explain the reason why her husband refused to live with her. We do not think that error can be predicated on the refusal of the court to allow the record in evidence. Mrs. Sickler was not a party to that suit, and it is only where a judicial record contains an admission of one or the other of the parties to it that it is admissible as such in favor of a stranger. Greenleaf, in his work on Evidence (16th ed.), section 527a, speaking of such records, says: "A record may also be admitted in evidence in favor of a stranger, against one of the parties, as containing a solemn admission, or judicial declaration by such party, in regard to a certain fact. But in that case, it is admitted not as a judgment conclusively establishing the fact, but as the deliberate declaration or admission of the party himself that the fact was so. It is therefore to be treated according to the principles governing admissions, to which class of evidence it properly belongs." After stating several cases where the record may be used in favor of a stranger as containing an admission made by one of the parties, the author continues: "And on the same ground, in a libel by a wife for a divorce, because of the extreme cruelty of the husband, the record of his conviction of an assault and battery upon her, founded upon his plea of guilty, was held good evidence against him, as a judicial admission of the fact. But if the plea had been not guilty, it would have been otherwise." Mrs. Mannix did not admit in her pleadings in the divorce case that she had been guilty of extreme cruelty to her husband. On the contrary, she denied and contested the charge, and the fact that the court found against her on the trial does not

make such finding admissible against her in favor of a stranger on the trial of another action.

It is further insisted that the evidence does not support the verdict. That there was sufficient evidence for the jury to act on, no unprejudiced person who reads the testimony can deny. We do not care to review it here, or to take time to analyze the explanations attempted to be made of the conduct and actions of the plaintiff in error. A woman who was seeking to avoid the society of Mannix would not be found habitually living in the towns and at the same hotels where he from time to time took up his abode, or if, as is said, she took up her residence in these various towns because of her wish to be with her brother, he, or both together, could undoubtedly have found some way to rid her of an unwelcome association, if such it really was.

We recommend the affirmance of the judgment of the district court.

Ames and Albert, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.