CELIA HART *vs.* ANNA C. KNAPP.

Third Judicial District, New Haven, June Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Ordinarily it is not incumbent upon the trial court, in charging the jury, to call their attention to specific portions of the evidence as supporting or refuting a particular claim; it is enough, certainly, if they are instructed to take into account all the evidence bearing upon disputed points in the case.

A woman of full age who voluntarily lives in adultery with a man known by her to be married, thereby winning his affections and causing him to abandon his wife, cannot escape all liability in damages to the latter merely because the husband solicited, induced, or persuaded her to such adulterous intercourse.

Solicitation, inducement, or persuasion, however powerful or alluring, do not constitute duress.

"Seduction," when used with reference to the conduct of a man toward a woman, implies an enticement of her by him to the surrender of her chastity by means of some art, influence, promise or deception calculated to accomplish that object, including the yielding of her person to him.

Submitted on briefs June 2d—decided October 7th, 1903.

ACTION to recover damages for alienating the affections of the plaintiff's husband, brought to the Superior Court in Fairfield County and tried to the jury before *Ralph Wheeler, J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *No error.*

*Howard W. Taylor*, for the appellant (defendant).

*Henry A. Purdy*, for the appellee (plaintiff)..

TORRANCE, C. J. The complaint, among other things, alleges, in substance, that prior to its date the defendant had alienated the affections of Hart, the plaintiff's husband, had committed adultery with him, had caused him to abandon the plaintiff, and had ever since lived in adultery with him. All this the defendant denied.

The evidence for the plaintiff tended to prove all the allegations of her complaint, and especially that the defendant had done all the things charged against her, " by her acts, blandishments, and seductions." The defendant herself did not testify in the case, but the evidence offered in her behalf tended to prove that shortly after the marriage of the plaintiff to Hart, he remained away from the plaintiff for some time by reason of some disagreement; that prior to his acquaintance with the defendant he was of intemperate habits, and had taken the Keely cure in 1896; that he had on occasions remained away from home till late in the night, and had become neglectful of his wife and failed to provide adequate support for her ; that any affection that might exist on the part of the defendant for Hart was begun and prolonged by his advances and addresses ; that there had been no criminal

intercourse between the defendant and him; and that after the plaintiff had separated from her husband, "she had met him and made some proposition looking toward his helping her get some money from the defendant."

No exceptions to the evidence on either side appear to have been taken.

The only errors assigned relate to the action of the court in refusing to charge four certain requests made by the defendant. One of these relates to the claim that the plaintiff consented to and connived at the conduct of her husband with the defendant, for the purpose of bringing an action against the defendant for damages; and the defendant says the court did not charge that this, if true, barred a recovery.

This contention is not borne out by the record. The jury are distinctly and emphatically told, substantially in the language of the request, that if the plaintiff "acquiesced and approved of her husband visiting the defendant with the intended purpose" imputed in the request, she could not recover; and that if she consented to the adulterous intercourse between the defendant and Hart, she could not recover. There is nothing in the charge upon the point of connivance of which the defendant can justly complain.

Another of the requests asked the court to tell the jury that "in considering whether the plaintiff connived at the alleged misconduct of her husband," they might take into account certain specific portions of the evidence upon that point. The court did not in terms so charge; but the jury were properly instructed to take into account all proper evidence bearing upon disputed points in the case; and this, under the circumstances, was enough. It was their duty to do so without being told, and they undoubtedly did so. There is nothing to show that the defendant was harmed by the failure of the court to call the attention of the jury to that portion of the evidence stated in the request.

The other two requests were in substance as follows: If the jury find "that the defendant did not seduce the plaintiff's husband, but, upon the contrary, that the plaintiff's husband seduced the defendant, then the plaintiff cannot re-

cover." If the jury find that the defendant was not the "active or aggressive party who brought about the 'adulterous intercourse' between herself and the plaintiff's husband," but that "the defendant was the victim of the wiles, blandishments and intrigues of plaintiff's husband," the plaintiff cannot recover.

These two requests cover substantially the same grounds and may be considered together. The court did not charge these requests, but upon this point charged as follows : "The defendant, if she committed adultery with the husband of the plaintiff, is liable for damages in the action, whether the husband sought and solicited the defendant, or the defendant the husband of the plaintiff." The court further added, that "if the defendant was an active, persuading party in the alienation of affection" that fact might be considered on the question of punitive damages.

This part of the charge, although the defendant complains of it in the brief, is not assigned for error; indeed no part of the charge as actually given is assigned for error. The only errors assigned on this part of the case relate to the action of the court in refusing to charge the two requests last above mentioned.

It may perhaps be doubted whether there was sufficient evidence in the case to justify the defendant in making these requests. Certainly the record discloses very little evidence of that kind.

The evidence for the plaintiff tended strongly to show that the defendant "was an active or aggressive party" in bringing about the state of things complained of by the plaintiff; while, apparently, the only evidence to the contrary was that of the husband, to the effect "that any affection that might exist on the part of the defendant" for him, "was begun and prolonged" by him. For the purposes of discussion, however, we will assume that there was evidence of the kind in question before the jury.

The plaintiff claimed to have proved her case, and if that claim was sustained by the jury, she was entitled to recover in this action. *Foot* v. *Card*, 58 Conn. 1. Her case was

based upon these facts: that the defendant had committed adultery with Hart, had thereafter continuously lived in adultery with him at her home, and had thereby won his affections from the plaintiff and caused him to abandon her. To meet this case the defendant, in these requests, asks the court to say to the jury that if the husband seduced her, and she was the victim of his wiles, that would be a complete bar to this action; and the question is whether this is so.

The question is one of first impression in this State, and, so far as we are aware, it has not been passed upon elsewhere in a case just like the present, and must therefore be determined upon principle rather than precedent. The lack of precedent is not surprising. The right of the injured wife to bring an action of this kind was not recognized in any of the States until recently, and is still denied in many of them. Our own case of *Foot* v. *Card*, 58 Conn. 1, one of the pioneer cases of this kind, was decided in 1889. We are of opinion that the facts assumed in the requests, even if true, constitute no bar to the plaintiff's action. The defense embodied in the requests is based upon the hypothesis that the defendant is guilty of the things charged against her. She thus, hypothetically, admits that she committed adultery with Hart, has long lived in adultery with him at her home, and that as a result of this Hart has abandoned his wife for her. She was a widow, of full age, with full knowledge that Hart was the husband of the plaintiff. She admits, hypothetically, that she engaged with him in a great wrong to the plaintiff. She knew that her course of conduct with him would probably lead him to abandon his wife. "There can be no surer means adopted to estrange husband and wife and stifle all affections that ever existed between them, than the existence of improper relations, especially of a criminal nature, between one of them and another party." *Shufeldt* v. *Shufeldt*, 86 Md. 519, 525. She now claims, in effect, that because the husband seduced her she is absolved from liability for her own wrongs against the wife. The word " seduce," when used with reference to the conduct of a man toward a woman, is " universally understood to mean an en-

ticement of her on his part to the surrender of her chastity, by means of some art, influence, promise or deception calculated to accomplish that object, and to include the yielding of her person to him." *State* v. *Bierce*, 27 Conn. 319, 321. When, therefore, the defendant says that the husband seduced her, that is merely saying that he first solicited, enticed and persuaded her to adulterous intercourse with him, and that she yielded to his persuasion. She yielded to him first, and then continued to live in adultery with him at her home, although for aught that appears she might easily have gotten rid of him had she chosen to do so. In what she did with the husband she did with full knowledge that it was wrongful, and that it would, as the plaintiff claims it did, result in harm to the plaintiff. The gist of the defense set up in the requests is that the defendant did a great wrong by the persuasion of the husband. We know of no rule of law, civil or criminal, that absolves her from liability for such wrong because of such persuasion. Solicitation, persuasion, enticement, temptation, however urgent, powerful or alluring, do not constitute duress. In law, so far as regards the plaintiff, what the defendant did with Hart, she did of her own free will; and she is responsible to the wife for the results of her conduct with the husband, even if it be true that he persuaded her to do what she did, and "was the active or aggressive party" in procuring her to do so.

In actions for criminal conversation at common law, the fact that the wife was, so to speak, the seductress was of no avail as a defense; *Egbert* v. *Greenwalt*, 44 Mich. 245; *Bigaouette* v. *Paulet*, 134 Mass. 123; *Bedan* v. *Turney*, 99 Cal. 649; *Moore* v. *Hammons*, 119 Ind. 510; *Kroessin* v. *Keller*, 60 Minn. 372; although in some cases it has been admitted as bearing upon the quantum of damages. *Sieber* v. *Pettit*, 200 Pa. St. 58.

Some of the reasons given for applying such a rule in such actions may not exist in actions brought by the wife to vindicate her rights to the society and affections of her husband; but it is difficult to see why an analogous rule should not be applied in a case like the present to the

defense that the husband was the seducer. It may be that in cases like that of *Kroessin* v. *Keller*, 60 Minn. 372, an action by a married woman against one of her own sex simply for an act of adultery with the husband, and alleging neither alienation of his affections, nor neglect or abandonment of the plaintiff, the fact that the husband was the seducer should be held to be a defense, as is suggested in that case; but we have no occasion here and now to decide such a question, for the case at bar is not at all like the Minnesota case. Upon principle we think the facts set up in the requests do not constitute a defense in the present case, and we know of no decision of any court of last resort to the contrary.

There is no error.

In this opinion the other judges concurred.