# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY,

## APRIL TERM, 1908

CASE 1.—ACTION BY VIRGIE O'BRIEN AGAINST FLORENCE SCOTT FOR ALIENATING THE AFFECTIONS OF HER HUSBAND.—May 12.

## Scott v. O'Brien

Appeal from Warren Circuit Court.

JOHN M. GALLOWAY, Circuit Judge.

Judgment for plaintiff, defendant appeals — Reversed.

1. Husband and Wife—Criminal Conversation.—In an action for criminal conversation, adultery must be shown.
2. Same—Alienating Affections—Right of Action.—To support an action for alienating a husband's or wife's affections, the fact of the alienation must be established, together with the fact that the alienation was caused by defendant, and mere proof of abandonment by a husband of his wife and that he maintained improper relations with defendant is insufficient.
3. Same—Defenses.—In an action by a wife for alienation of her husband's affections, defendant may show that the alienation of the husband's affections was the voluntary act of the husband, and was not due to any wrongful or intentional act of defendant.
4. Same—Issues—Evidence—Admissibility.—Since in an action

Scott v. O'Brien.

by a wife for alienation of her husband's affections, she must show the alienation, and that the alienation was due to the intentional misconduct of defendant, defendant may, under the general denial, show that the alienation was the voluntary act of the husband, and was not due to any wrongful or intentional act of defendant.

5. Same.—In an action by a wife for alienation of her husband's affections, evidence of conversations between the husband and defendant prior to the time the husband abandoned his wife, showing that the husband first sought defendant and made love to her, and was himself the seducer, and that defendant endeavored to get him to leave her alone and return to his wife and children, and that the husband sought defendant for the purpose of getting her money, and not because of any affection for her, was admissible as a part of the res gestae, and the jury, in considering the weight to be given to the evidence, will consider the conversation in the light of defendant's conduct shown by other witnesses and in the light of all the circumstances of the case.

6 Same.—In an action by a wife for alienation of her husband's affections, evidence that the husband, shortly after defendant became a widow, remarked that defendant with her money would be a good catch, as well as his conversations and letters showing constant demands on his part for money, were admissible.

7. Same.—In an action by a wife for alienation of her husband's affections, it was competent for defendant to prove her financial condition to show the motive of the husband in seeking defendant's society.

8. Same—Damages.—In an action by a wife for alienation of her husband's affections, the jury, on finding that defendant by her acts, intentionally alienated from plaintiff her husband's affections, should award to plaintiff such damages as will fairly compensate her for the injury resulting to her feelings for the loss of her husband's comfort and society, and for the loss of his support, except to the extent that he may by law be compelled to contribute to her support, and may, on finding that defendant's conduct in causing such alienation was wanton and malicious towards plaintiff, and with a design to humiliate her, award punitive damages.

9. Same.—Where, in an action by a wife for alienation of her husband's affections, the defense was that the husband voluntarily left his wife, and sought defendant without any intentional or wrongful acts on her part, an instruction that, though the jury may believe that the husband transferred his affec-

Scott v. O'Brien.

tions from plaintiff to defendant, yet if they further believe that plaintiff's husband alienated his own affections from plaintiff without any intentional misconduct of defendant, or that the alienation was occasioned by some other cause over which defendant had no control, or exercised no intentional influence, the verdict should be for defendant, properly submitted the issue.

SIMS, DU BOSE and RHODES for appellant.

POINTS AND AUTHORITIES.

1. It is a valid defense to a suit by a wife for the alienation of her husband's affections, that said husband voluntarily sought and endeavored to seduce defendant, without any direct intervention or effort on defendant's part. (15 Amer. and Eng. Enc. of Law, 865; 21 Cyc., 1621, 1st Enc. of Evidence, Ed. 1902, 760; 3rd Elliott on Evidence, 1643; Waldron v. Waldron, 45 Fed. Rep., 315; Ash v. Prunier, 105 Fed. Rep., 723; Also the New York cases found in notes to the above citations and on page 8 of brief.

2. Evidence to show that the plaintiff's husband, voluntarily sought and endeavored to seduce defendant, without any direct intervention or effort upon her part, may be introduced under a general traverse, without being pleaded as new matter. Civil Code Prac., 95; Newman's New Pleading and Practice, 424b, 543.)

3. The amended answer offered should have been permitted to be filed.

4. Evidence of the words, conduct, and demeanor of the plaintiff's husband, with and toward defendant, prior to the time of the abandonment complained of, is competent, though in the absence of the plaintiff. (Bailey v. Bailey, 63 N. W. Rep., 341: Price v. Price, 29 L. R. A., 150, 153; First Greenleaf on Evidence, 16th Ed., sec. 162d, p. 259; Brander on Evidence, p. 13, sec. B., also pages 325 and 326; 2nd Ed. on Evidence, sec. 347, p. 771; also section 350, p. 777; Rudd v. Rounds, 64 Vermont, 432.)

5. Evidence of the defendant's financial circumstances was competent as bearing upon the inducement or incitement to the plaintiff's husband in his endeavors to seduce the defendant. (Ash v. Prunier, 105 Fed. Rep., 724; Price v. Price, 29 L. R. A., 153).

L. P. TANNER for appellee.

POINTS AND AUTHORITIES.

1. That the statements of John O'Brien, the husband of appel-

Scott v. O'Brien.

lee, not made in the presence of both parties, were incompetent, as evidence in the trial of this case, in behalf of appellant. (Klien v. Klien, 31 Ky. Law Rep., 28; Leavell v. Leavell, et al., (Mo.)' 99 N. W., 460; Westlake v. Westlake, 34 Ohio, 634, 32 Am. Rep., 397; Winsmore v. Greenbank, Willes 577; Manswarren v. Mason, 79 Hun, (N. Y. 572; Rice v. Rice, 104 Mich., 62 N. W., 833; Wigmore on Evidence, ————; Higham v. Venosdol, 101 Ind., 160; Price v. Price, 29 L. R. A., 153; Ash v. Prunier, 105 Fed. Rep., 723; Civil Code, 606; Commonwealth v. Sapp, 90 Ky., 580).

The court did not abuse its discretion in refusing to allow appellant to file an amended answer setting up a new defense after she had begun the introduction of her evidence. (Nolin v. Pearson, 191 Mass., 283; Am. & Eng. Ann. Cases, 6, 661; Plant v. Woods, 176 Mass., 492, 57 N. E., 1011; Civil Code, 164; Newman on Pleading & Practice, 704-705; Greer v. City of Covington, 83 Ky., 410; Yocum v. Foreman, 14 Bush, 494; Donnelly v. Pepper, 91 Ky., 363.)

3. Evidence of appellant's financial condition and circumstances was incompetent. Givens v. Berkley, 21 Ky. Law Rep., 1653: Overruling L. C. & L. R. R. Co. v. Mahoney's Admr'x, 7 Bush, etc.)

4. Evidence showing that the appellee's husband was the seducer and not the seduced, is incompetent in actions of this character. (Nolin v. Peason, supra; Nichols v. Nichols, (Mo.) 48 S. W., 947.)

5. The judgment for five thousand and five hundred dollars is not excessive. (Klien v. Klien, 31 Ky. Law Rep., 28; Hartpence v. Rogers, 143 Mo. 623, 45S. W. ————; Nichols v. Nichols, supra; Lockwood v. Lockwood, 67 Minn., 476, 70 N. W., 784.)

PROCTER & HERDMAN for appellee.

WATKINS & BIRKHEAD of counsel.

### SUMMARY AND AUTHORITIES.

1.4A plea that plaintiff's husband was the aggressor and caused the acts in question did not present a good defense. (Hart v. Knapp, (Conn.) 100 Am. St. Rep., 989.)

2. These facts being in confession and avoidance could not be proved under a general traverse. (Newman's Pleading & Prac., (New Edition) 424b, 424c, 424f, and 4241; Klien v. Klien, 101 S. W., 383, (J. Hobson.)

3. The court did not abuse its discretion in refusing an amendment pleading such facts.

4. Evidence of words, conduct, and demeanor of plaintiff's husband not in her presence is incompetent. (Klien v. Klien (supra.)

Scott v. O'Brien.

5. Evidence of financial condition of defendant is incompetent in this action. (Givens v. Barkley, (Ky.) 56 S. W., 158; Beavers v. Bowen, (Ky.) 70 S. W., 195.)

OPINION OF THE COURT BY WM. ROGERS CLAY, Commissioner—Reversing.

Appellee, Virgin O'Brien, instituted this action against Florence Scott to recover damages for the alienation by the latter of her husband's affections, and for the loss of his society and support resulting therefrom. The petition charges that the defendant by various "acts, devices, blandishments, and seductions alienated the love and affections of plaintiff's husband, and destroyed the happiness of her home." Appellant's defense was a general denial. Upon trial of the case the jury awarded appellee damages in the sum of $5,500. Defendant's motion and grounds for a new trial were overruled, and she appeals.

The principal grounds relied upon for reversal are (1) the exclusion of relevant and competent testimony offered by appellant; and (2) errors in giving and refusing instructions.

From the evidence in the case it appears that the appellant's husband, Brownie Scott, died in September, 1905. At that time she had two little girls, four and nine years of age, respectively. Scott left to appellant and his two children insurance amounting to about $4,000. With this money she paid some $500 of his indebtedness, and bought the home where she lived at the time of the trial, paying the sum of $1,400. At the time of Brownie Scott's death, he lived adjoining his tobacco factory in Bowling Green, Ky. Appellee's husband was then in his employ. Some little time after Scott's death, O'Brien, the husband of appellee, began to pay attentions to the

appellant. She was frequently seen at the factory where he was still employed, although she claims that she went there for the purpose of getting mail, which she had been accustomed to do prior to her husband's death. Appellant was also frequently seen out riding with O'Brien, and she wrote, at least, one letter to O'Brien which is couched in endearing terms. The theory of appellant's defense was that appellee's husband voluntarily left his wife and sought appellant without any intentional or wrongful acts on her part; that his real purpose in seeking her society was to obtain the insurance money which her husband had left her; that she protested against his attentions and advised him to return to his wife; that he resorted to all sorts of threats and attempts to overawe her; that he carried a pistol upon his person, and would make violent protestations of love for her, and threaten to kill himself and her. With the view of presenting this defense, appellant offered to introduce letters which she received from O'Brien, and to testify to his acts, conduct, and conversations with her, as well as her conversations with him, upon occasions prior to the time he abandoned his wife. She also offered to testify to the amount of money she had, and to the amount which she, by reason of O'Brien's threats and persuasion, had given to him. The trial court excluded all such testimony, and proper avowals were made by appellant. Counsel for appellant contend that this testimony was properly admissible under a general denial, or, if not admissible under the pleadings in that form, the trial court should have permitted appellant to file the amendment which was offered immediately after the ruling of the court excluding the testimony. For the purpose of determining the question involved, we

shall consider (1) whether such evidence is admissible or not under the circumstances; and (2) whether it is admissible under a general denial.

The ruling of the trial court seems to have been based upon the case of Hart v. Knapp, 76 Conn. 135, 55 Atl. 1021, 100 Am. St. Rep. 989. That was an action for criminal conversation, and not an action for alienation of affections. In an action for criminal conversation adultery must be shown. In that case the court held that it was no defense that the husband was the active and aggressive party, and that the defendant listened to his persuasions, and lived in adulterous intercourse with him. It is manifest that that case is somewhat different from the one under consideration. Here no adultery is shown. There the action was based on adultery, and the court held that it was no defense to show that the husband was a seducer. The mere fact that the defendant lived in adultery with plaintiff's husband showed, to some extent at least, wrongful and intentional conduct on her part. But whatever may have been the reason for reaching the conclusion at which the court arrived in that case, we are of opinion that the view therein expressed is contrary to the weight of authority. The general rule is that there is no ground for an action where a spouse voluntarily gives his or her affections to another, the latter doing nothing wrongfully to win such affections. To support an action for alienating a husband's or wife's affections, it must be established that the defendant is the enticer. Mere proof of abandonment, and that the husband or wife maintains improper relations with the defendant, is not sufficient. 21 Cyc. 1621; Buchanan v. Foster, 23 App. Div. 542, 48 N. Y. Supp. 732; Churchill v. Lewis, 17 Abb. N. C. (N. Y.) 226;

Warner v. Miller, Id. 221. In 15 Am. & Eng. Ency. of Law, p. 895, the rule is thus stated: "In order to sustain an action for the alienation of the husband's affections it must appear, in addition to the fact of alienation or the fact of the husband's infatuation for the defendant, that there had been a direct interference on the defendant's part, sufficient to satisfy the jury that the alienation was caused by the defendant, and the burden of proof is on the plaintiff to show such interference." Again, on page 866, it is said: "But to maintain this action it must be established that the husband was induced to abandon the wife by some active interference on the part of the defendant." In 3 Elliott on Evidence, section 1643, it is said: "To entitle the plaintiff to recover in an action for alienating affections, the burden of proof is upon the plaintiff, and the plaintiff must show that there was a direct interference upon the part of the defendant and that not only was there infatuation of the husband or wife for the defendant, but that the defendant by wrongful act was the cause of it." In the case of Waldron v. Waldron (C. C.) 45 Fed. 315, the court in an elaborate discussion of the question, said: "Defendant should not be held to answer on damages because plaintiff's husband left her, though without good cause, and afterwards fell in love with, and finally married, defendant. If the husband alienated his own affections from his wife, or if alienated by the plaintiff's own conduct, or both, without the interference of defendant, or if they were alienated by any other cause known or unknown, over which defendant had no control or exercised no intentional direction or influence, then the plaintiff, howsoever unfortunate or wronged, cannot recover damages from the defendant." We therefore conclude that by the weight of

authority it was proper for appellant to show that the alienation of O'Brien's affections from appellee was a voluntary act of O'Brien, and was not due to any wrongful or intentional act on the part of appellant.

The next question is whether or not such evidence is admissible under a general denial. Manifestly appellant was confined to two defenses—either to deny the allegations of the petition, or to set forth new matter avoiding the facts therein contained; but the latter is in effect simply a confession and avoidance. We do not think appellant should be compelled to confess the fact that appellee's husband had transferred his affections to her, and seek to avoid the effect of such confession by showing that the alienation was due to his voluntary act. We think she should be entitled to place in issue both the fact of alienation and the cause thereof. For appellee to recover, it was necessary not only to show alienation of her husband's affections, but that such alienation was due to the intentional conduct of appellant. These were, then, the two facts in issue. Appellant could introduce any evidence that would tend to rebut either one of these facts, and such evidence would be relevant to the issue. We therefore conclude that the evidence of appellant's defense was properly admissible under a general denial.

It appears that the court excluded evidence of conversations between appellant and appellee's husband prior to the time of the abandonment, wherein appellant sought to show that appellee's husband first sought her and made love to her, and was himself a seducer, that she endeavored to get him to leave her alone and return to his wife and children, and that he really sought her for the purpose of getting her

money, and not because of any affection for her. All this evidence was excluded by the court upon the idea that it consisted of self-serving declarations, and occurred at a time when appellee was not present. In the case of Bailey v. Bailey, decided by the Supreme Court of Iowa, and reported in 94 Iowa, 598, 63 N. W. 341, the very question before us was under discussion. In that case the wife had brought an action against the parent of her husband for the alienation of her husband's affections. The defendant offered to show that, instead of alienating the affections of her husband, she had tried to get him to live with his wife, and had offered him inducements to do so; that she had offered to give the husband a farm if he would take his wife there and live with her; and that the husband responded that he did not love her, and would not live with her on the farm or anywhere else. The court said: "The court sustained objections to the proferred testimony, on the ground that it called for self-serving declarations made at a time when plaintiff was not present. He did admit testimony as to what was done by defendant towards providing a home for plaintiff and her husband, but held that offers of the use of a farm to the husband by defendant and the husband's reply thereto, giving the reason why he would not accept them, were not admissible. In this we think he was in error. The fact that the statements were not made in the presence of plaintiff was wholly immaterial, for they were not offered as bearing upon her knowledge of defendant's treatment of his son. The purpose of the testimony was to show that defendant had as a matter or fact tried to induce his son to do the very thing plaintiff was insisting upon, and to show the condition of her husband's mind and the state of his affections

towards her.  Such testimony would have a tendency to negative the idea that defendant was trying to induce his son to abandon the plaintiff.  It was substantive testimony of verbal acts tending to show that he was trying to induce his son to live with plaintiff, and that the son's refusal to do so was not brought about by his conduct.  The expression of the son, made long before the commencement of the suit, that he would not live with the plaintiff on the land offered by defendant, or anywhere else, was certainly competent as bearing upon his feelings towards her.  The court permitted defendant to show what he did to induce his son to live with plaintiff.  What he said to accomplish the same purpose was a part of the res gestae, and was, it seems to us, equally admissible."  We think the evidence offered by appellant was within the rule above laid down.  It was a part of the res gestae.  The question was: Did the appellant, by her intentional conduct, alienate the affections of appellee's husband, or did the husband voluntarily leave his wife, or transfer his affections to appellant, or seek appellant, not because he loved her, but for the purpose of obtaining her money?  The real facts in issue can only be determined from the acts and conduct of appellant and appellee's husband, and from the conversations and communications which passed between them.  The only way the jury could properly determine the issue involved was to have all these facts properly before them.  It is true the admission of such testimony may give opportunity for perjury; but the fact that a witness might lie in reference to matters about which he has a right to testify, is not a good reason for excluding such testimony.  The jury, who are the judges of the weight to

be given the testimony, will consider such alleged conversations in the light of appellant's conduct as shown by other witnesses, and in the light of all the circumstances of the case, and they will be able to determine what credit should be given to such evidence.

For the reasons given, we also think that the testimony to the effect that appellee's husband remarked shortly after the death of appellant's husband "that the little widow with her money would be a good catch," as well as his conversations and letters showing constant demands on his part for money, were admissible. Such evidence tends to show his motive and purpose in seeking the companionship of appellant, and goes to rebut the idea that she was the enticer. We further think it was competent for appellant to prove in this case her financial condition, not, however, for the purpose of increasing or diminishing the amount of damages, but for the sole purpose of showing the motive of appellee's husband in seeking appellant's society. In admitting such testimony, the court will admonish the jury accordingly.

It will be unnecessary to set out in full the instructions given by the court. Suffice it to say that they do not properly present appellant's defense. Upon the next trial, the court will instruct the jury as follows:

"No. 1. If you believe from the evidence that the defendant, Florence Scott, by her acts, wiles, or blandishments, intentionally alienated or took away from plaintiff her husband's affections, you will find for plaintiff, and award her such damages as you believe will fairly compensate her for the injury, if any, resulting to her feelings, for the loss of her husband's comfort and society, if there was such loss,

Scott v. O'Brien.

and for the loss of her husband's support, if there was such loss, except to the extent that he has contributed, or may by law be compelled to contribute to her support not exceeding the sum of $10,000, the amount asked for. Unless you so believe, you will find for the defendant.

"No. 2. If you believe that the defendant alienated from plaintiff her husband's affections in the manner set forth in instruction No. 1, and further believe that defendant's conduct in causing such alienation was wanton and malicious towards, and with the design to humiliate plaintiff, then, in addition to compensatory damages, you may, in your discretion, award plaintiff punitive damages, not exceeding in all, however, the sum of $10,000.

"No. 3. Although you may believe from the evidence that plaintiff's husband transferred his affections from plaintiff to defendant, yet if you further believe plaintiff's husband alienated his own affections from plaintiff without any intentional misconduct on the part of defendant, or that such alienation was occasioned, by some other cause over which defendant had no control, or exercised no intentional direction or influence, then you will find for the defendant."

Judgment reversed and cause remanded, with directions for a new trial consistent with this opinion.

Petition for rehearing by appellee overruled.