ARTHUR LILLEGREN v. WILLIAM J. BURNS INTER-
NATIONAL DETECTIVE AGENCY AND ANOTHER.[1]

December 8, 1916.

Nos. 19,958—(97).

**Alienation of affection — action does not lie solely for negligence.**

In order to recover damages for alienating the affections of his wife, a husband must show that the defendant took an active and intentional part in causing the estrangement. Such an action will not lie where it is grounded solely upon the negligence of the defendant.

Action in the district court for Hennepin county against defendant corporation and Charles F. Trotter to recover $25,000. The case was called for trial before Fish, J., who sustained the objection of defendants to the introduction of any evidence under the complaint and granted their motion to dismiss the action. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Robertson & Bonner,* for appellant.
*Selover, Schultz & Selover,* for respondents.

TAYLOR, C.

The following will serve as a brief outline of the allegations in plaintiff's complaint: That defendants operated a detective agency in the city of Minneapolis doing a general detective business for hire, and held themselves out to the public as skilful in such business and in obtaining private information; that plaintiff employed them to obtain definite and certain information regarding the actions and habits of his wife and the places where she spent her time when away from home; that defendants

[1] Reported in 160 N. W. 203.

agreed to investigate and secure the desired information; that plaintiff gave defendant a full and accurate description of his wife together with her name and place of residence; that through negligence and carelessness defendants, instead of shadowing plaintiff's wife and securing information as to her actions, whereabouts and general conduct, shadowed another woman who was unknown to plaintiff, and reported her conduct to plaintiff as the conduct of his wife; that in consequence thereof defendants falsely reported that plaintiff's wife kept company with other men and conducted herself in an immoral manner; that relying upon the truth of such reports plaintiff charged his wife with misconduct; that his wife, being wholly innocent of any misconduct, abandoned him, and has ever since refused to live with or return to him, and that his home has been broken up and his wife's affections forever alienated. The complaint also alleged the amount paid defendant for its services, and demanded damages in a large amount for the alienation of his wife's affections. At the opening of the trial plaintiff expressly waived the right to recover back the sum paid for services, and rested his case solely upon the proposition that he was entitled to recover general damages for the alienation of his wife's affections. Thereupon the court sustained an objection to the reception of any evidence under the complaint, and dismissed the suit on the ground that the complaint as modified by the express waiver failed to state a cause of action. Plaintiff appealed from an order denying a motion for a new trial.

The question presented is whether, upon the facts stated in the complaint, plaintiff is entitled to recover from defendant for the alienation of his wife's affections. To determine this question, we must consider and apply the rules of law governing that class of actions.

It is well settled that either husband or wife, in order to recover damages from a third party for alienating the affections of the other, must show that such third party took an active and intentional part in causing the estrangement. Powers v. Sumbler, 83 Kan. 1, 110 Pac. 97; Nevins v. Nevins, 68 Kan. 410, 75 Pac. 492; Rinehart v. Bills, 82 Mo. 534, 52 Am. Rep. 385; Scott v. O'Brien, 129 Ky. 1, 110 S. W. 260, 16 L.R.A. (N.S.) 742, 130 Am. St. 419; Warner v. Miller, 17 Abb. N. C. 221; Tasker v. Stanley, 153 Mass. 148, 26 N. E. 417, 10 L.R.A. 468; Houghton v. Rice,

174 Mass. 366, 54 N. E. 843, 47 L.R.A. 310, 75 Am. St. 351; Westlake v. Westlake, 34 Oh. St. 621, 32 Am. Rep. 397; Sickler v. Mannix, 68 Neb. 21, 93 N. W. 1018; Waldron v. Waldron, 45 Fed. 315; Heisler v. Heisler, 127 N. W. 823 (see 151 Iowa, 503); 1 Bishop, Mar. & Div. § 1361; 1 Cooley, Torts (3d ed.) 468; Schouler, Domestic Relations § 43; 3 Elliott, Ev. §§ 1643, 1646; 1ᵗ Enc. Forms, p. 684, No. 1098. See also Busenbark v. Busenbark, 150 Iowa, 7, 129 N. W. 332; Lockwood v. Lockwood, 67 Minn. 476, 70 N. W. 784; Kroessin v. Keller, 60 Minn. 372, 62 N. W. 438, 27 L.R.A. 685, 51 Am. St. 533; Cornelius v. Cornelius, 233 Mo. 1, 135 S. W. 65.

According to the authorities, liability is imposed upon an intermeddler where he purposely and unjustifiably induces either husband or wife to abandon the other, but is not imposed upon him unless, by acts knowingly and intentionally committed for that purpose, he was the procuring cause of the separation. To incur liability, he must have been instrumental in causing the estrangement by knowingly, if not maliciously, exerting a baneful influence upon the spouse who renounced the marital obligations. We have found no case based upon negligence only in which damages for alienation of affections have been awarded. The Iowa court remarks: "The action is for an intentional, not merely a negligible tort;" the Kansas court states that plaintiff must show "that the acts of the defendant were done knowingly and intentionally, for the purpose of alienating the husband's affections."

In the present case plaintiff grounds his action wholly upon the claim that defendant was negligent in the performance of duties which plaintiff employed it to perform. No claim is made that defendant ever communicated with the wife in any manner, or caused any information to be given to her. Whether we assume that she left plaintiff on account of the charges which he made against her in consequence of the erroneous information furnished by defendant, or on account of his conduct in engaging detectives to watch her, the facts stated in the complaint are insufficient to establish a cause of action for the alienation of her affections.

Order affirmed.