MOELLEUR, RESPONDENT, *v.* MOELLEUR, APPELLANT.

(No. 3,903.)

(Submitted May 1, 1918.  Decided May 24, 1918.)

[173 Pac. 419.]

*Husband and Wife—Alienation of Affections—Right of Action —Defenses—Punitive Damages—Evidence — Admissibility— Sufficiency.*

Husband and Wife—Alienation of Affections—Right of Action.
1.  A wife cannot maintain an action for the alienation of the affections of the husband if it appears that the latter voluntarily bestowed them on defendant, she having done nothing wrongful to win them.
[As to wife's right to sue for alienation of husband's affections, see notes in 28 Am. St. Rep. 217; 46 Am. St. Rep. 472.]

Same—Defenses.
2.  The fact that husband and wife had quarreled frequently does not bar the latter from recovery in an action for damages for alienation of the husband's affections.

Same—Domestic Trouble—Evidence—Admissibility.
3.  Evidence of domestic trouble between husband and wife may properly be considered by the jury in mitigation of damages sought in an action for the alienation of the husband's affections.

Same—Defenses.
4.  Estrangement between husband and wife is no defense in an action for alienation of affections, inasmuch as the wife had a right to rely upon the possibility of reconciliation so long as the relationship of husband and wife had not been severed.

On the question of effect of fact that husband or wife of plaintiff in action for alienation of affections was the active and aggressive party, see notes in 16 L. R. A. (n. s.) 742; 43 L. R. A. (n. s.) 332,

Same—Evidence—Sufficiency.

5.  Evidence in an action for the alienation of affections *held* suffi-
cient to sustain the jury's finding that defendant was the procuring
cause of the estrangement between plaintiff and her husband.

Same—Appeal—Conflicting Evidence—Review.

6.  Where the evidence is in sharp conflict and that of plaintiff does
not appear so inherently improbable that it cannot be true, a ver-
dict for plaintiff will not be disturbed.

Same—Punitive Damages—Malice—Jury Question.

7.  Punitive damages may be awarded in an action for the aliena-
tion of a husband's affections, even though the evidence furnishes
no basis for a finding of malice, since malice may be implied from
the conduct of defendant in causing the wrong complained of, its
existence being a question for the jury.

*Appeal from District Court, Silver Bow County; J. J. Lynch,
Judge.*

Action by Eugenia Moelleur against Mary Moelleur, for-
merly Mary Reynolds.  Judgment for plaintiff and defendant
appeals.  Affirmed.

*Messrs. Walker & Walker* and *Mr. J. M. Ward,* for Appel-
lant, submitted a brief; *Mr. Frank Walker* argued the cause
orally.

*Messrs. William* and *Harry Meyer,* for Respondent, sub-
mitted a brief; the former argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

Plaintiff brought this action to recover damages for the
alienation of her husband's affections and prevailed in the lower
court.  Defendant appealed from the judgment and from an
order denying a new trial.  The only contention made in this
court is that the evidence is insufficient to support the verdict.

Plaintiff and her husband, Dr. Moelleur, lived together in the
town of Melrose, where defendant, then Mrs. Mary Reynolds,
a widow, also resided.  Prior to Christmas, 1914, plaintiff and
her husband had frequently engaged in family quarrels, but,
according to plaintiff, had at the date mentioned become recon-
ciled and were living happily.  About that time Dr. Moelleur

began paying attention to Mrs. Reynolds, and about the same time began to display marked indifference to his wife, and this indifference increased until finally he refused to recognize her on the street or speak to her in their own home. On March 27, 1915, plaintiff secured a divorce from her husband, and on June 1 following, Dr. Moelleur and Mrs. Reynolds were married. Appellant concedes that Dr. Moelleur's affections were alienated, but contends that the evidence discloses that plaintiff's own acts and conduct were responsible for it, and that defendant was not an active or procuring agency in the estrangement.

1. The rules of law governing an action of this character are well settled.

(a) This action cannot be maintained if it appears that Dr. [1] Moelleur voluntarily bestowed his affections on Mrs. Reynolds, the latter doing nothing wrongful to win them. (*Claxton* v. *Pool,* 182 Mo. App. 13, 167 S. W. 623; *Scott* v. *O'Brien,* 129 Ky. 1, 130 Am. St. Rep. 419, 16 L. R. A. (n. s.) 742, 110 S. W. 260; 13 R. C. L. 1464.)

(b) Even though plaintiff's conduct toward her husband was [2, 3] a subsidiary cause of alienation, she is not barred from recovery; but the fact of their domestic trouble might be considered by the jury in mitigation of damages. (*Morris* v. *Warwick,* 42 Wash. 480, 7 Ann. Cas. 687, and note 689, 85 Pac. 42; *Baird* v. *Carle,* 157 Wis. 565, 147 N. W. 834; *Hadley* v. *Heywood,* 121 Mass. 236.)

(c) Even though there had been estrangement between plaintiff and her husband, so long as they remained husband [4] and wife, plaintiff had the right to rely upon the possibility of reconciliation, and defendant had no right to intermeddle, and, if she did so, she must answer for the consequences. (*Rott* v. *Goehring,* 33 N. D. 413, Ann. Cas. 1918A, 643, and note 647, L. R. A. 1916E, 1086, 157 N. W. 294; *Miller* v. *Pearce,* 86 Vt. 322, 43 L. R. A. (n. s.) 332, 85 Atl. 620; 13 R. C. L. 1465.)

The jury was authorized to believe the evidence offered on behalf of plaintiff and refuse to accept defendant's theory of

the case. In this view we assume that plaintiff's version was accepted, and if the evidence offered in her behalf, with the legitimate inference to be drawn from it, will justify a verdict in her favor, we are not at liberty to interfere.

In a case of this character the evidence must of necessity **[5]** be largely circumstantial. No other person than Dr. Moelleur can state positively that the actions of defendant did or did not prejudicially influence his conduct toward his wife; but if the jury believed, as they might, that prior to Dr. Moelleur's association with defendant he and plaintiff were living together as husband and wife, that the defendant, intending to entice Dr. Moelleur from his marital relations and duties, employed means reasonably calculated to effect her purpose, and Dr. Moelleur's affections were alienated from his wife, and that soon after the divorce Dr. Moelleur and defendant were married, then a finding that defendant was the active, procuring cause of the estrangement is a legitimate inference to be drawn from the evidence.

On behalf of the plaintiff the testimony tended to show that between Christmas, 1914, and March, 1915, Dr. Moelleur had brought Mrs. Reynolds from Butte in his automobile, arriving at Melrose after midnight; that on another occasion he took her in his machine to Dewey Flat and had dinner with her; that Mrs. Reynolds expressed her great pleasure in Dr. Moelleur's company, her desire to ride with him, and her admiration for him; and that when they returned from Dewey Flat she asked Dr. Moelleur when they were going to take another ride, to which he responded, "Almost any time," and she replied that she would be ready; that defendant stated that Dr. Moelleur was such a lovely man to be with, such good company, that she enjoyed his company so much, and that she would like to have him; that Dr. Moelleur and Mrs. Reynolds met frequently at the house of Dr. Moelleur's sister, and that, on the morning the papers announced that plaintiff had instituted divorce proceedings, defendant in a conversation with a neighbor said: "Did you folks see in the paper what I have done?" These

facts furnish sufficient justification for the jury's finding that defendant was a procuring cause of the estrangement between plaintiff and her husband and that she intended the consequences which actually followed. (*Dodge* v. *Rush,* 28 App. D. C. 149, 8 Ann. Cas. 671.)

The evidence is in sharp conflict. If that offered by defendant had been accepted as true, a different result must **[6]** have been reached; but the jurors were the judges of the credibility of the witnesses, and, since there is not anything to indicate that plaintiff's evidence is so inherently improbable that it cannot be true, we are bound by the verdict.

2. The verdict awarded $2,400 compensatory damages and **[7]** $100 punitive damages. The trial court required plaintiff to remit $1,000 of the total amount as a condition to the order overruling the motion for a new trial. It is insisted that the evidence does not authorize any award of punitive damages even though it may sustain the verdict for compensatory damages. Section 6047, Revised Codes, provides: "In any action for a breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant." If we assume that any part of the award of exemplary damages attaches to the judgment at present, we are nevertheless unable to agree with counsel for appellant that the evidence furnishes no basis for a finding of malice.

In *Westlake* v. *Westlake,* 34 Ohio St. 621, 32 Am. Rep. 397, it is said: "The term 'malice,' as applied to torts, does not necessarily mean that which must proceed from a spiteful, malignant or revengeful disposition, but a conduct injurious to another, though proceeding from an ill-regulated mind, not sufficiently cautious before it occasions an injury to another. * * * If the conduct of the defendant was unjustifiable and actually caused the injury complained of by plaintiff, which was a question for the jury, malice in law would be implied from such conduct." This is the rule recognized and enforced

by the courts generally (*Boland* v. *Stanley*, 88 Ark. 562, 129 Am. St. Rep. 114, 115 S. W. 163; *Sickler* v. *Mannix*, 68 Neb. 21, 93 N. W. 1018; 3 Words and Phrases, 2d ed., 224), and under it the question of the existence of malice was properly submitted to the jury.

We find no error in the record. The judgment and order are affirmed.

'*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Sanner concur.