KOENIG v. CORCORAN.
No. 13079.

United States Court of Appeals
Ninth Circuit.
Sept. 12, 1952.
Rehearing Denied Nov. 14, 1952.

P. W. Lanier, P. W. Lanier, Jr., Frank T. Knox, Lanier, Lanier & Knox, Fargo, N. D., Andrew G. Sutton, Billings, Mont., for appellant.

H. B. Landoe, Bozeman, Mont., for appellee.

Before STEPHENS, BONE and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

This appeal reaches us after the trial court had taken the case from the jury at the conclusion of the plaintiff's testimony and had dismissed it upon the ground that the evidence adduced could not support a

verdict for plaintiff. The plaintiff is appealing, and for clarity in this opinion we shall continue to designate the parties as plaintiff and defendant. The case is in the federal courts because of diversity of citizenship.

The plaintiff was suing for damages for alienation of his wife's affections, and there was evidence to the following effect:

Plaintiff was working in a town away from the family domicile, and he and his wife and child visited each other over some weekends. For a time his wife was staying with her sister in a residence close to a beer parlor which was run by the sister's husband. Defendant and plaintiff's wife met by introduction in the beer parlor and became friendly. Through the months of November and December, 1947, they saw each other and on numerous occasions sat alone in his automobile well into the night. Upon one occasion in February or March of 1948, they were alone in the residence and in or on a bed after midnight. When asked what they were doing by a young man who came into the room, they merely instructed him to go upstairs and sleep. Defendant, as plaintiff's witness, testified that he did not sit in the automobile with the lady during November and December, and that he did not know she was married until February or March, 1948. There is testimony that he continued his attentions as late as April of the same year. Plaintiff's wife secured a divorce in May of 1948, and married defendant soon thereafter. Plaintiff testified that his wife told him Christmas Eve, 1947, that she no longer loved him. Thereafter there was talk of divorce, but she was not sure that she wanted one. During the same period the wife visited him on weekends where he was working in a nearby town, and they lived together in the conjugal state.

The domicile of the marriage was the State of Minnesota, and the facts of the case occurred therein. That state recognizes alienation of affections as a cause of action in damages.[1]

It will be noticed that there is evidence of defendant's attention to plaintiff's

1. Lockwood v. Lockwood, 1897, 67 Minn. 476, 70 N.W. 784; Ruble v. Ruble, 1938, 203 Minn. 399, 281 N.W. 529. See also Annotation, 19 ALR 2d 471, et seq., and

wife after defendant admits he knew she was married. It is not disputed but that the applicable law is that a third person who successfully plays for or with the affections of another's spouse shall answer in damages. Competition for the affections ceases with marriage to be a lawful game. See 42 C.J.S., Husband and Wife, § 662, with cited cases supporting the following text. "An improper motive, malice, and an intention on the part of defendant to effect an alienation [by persuading another's wife to leave her husband] generally are essential to his liability, although an actual intent is not necessary if defendant's acts are inherently wrong." 42 C.J.S., Husband and Wife, § 664, "It is essential that defendant should directly and intentionally interfere with the marital relation between the spouses, * * *." 42 C.J.S., Husband and Wife, § 676, "Where defendant's acts or conduct is the controlling cause of the alienation of affections, it is no defense that the spouses had separated before the alienation, * * *." 42 C.J.S., Husband and Wife, § 687, "The law presumes that there is always a possibility of reconciliation between husband and wife,[2] * * *. In an action for enticement or alienation of the affections of a spouse, plaintiff has the burden of showing all the essential elements of his or her cause of action. In general plaintiff has the burden of proving that the affections of the spouse were actually alienated from plaintiff by the wrongful acts or conduct of the defendant, and that defendant had knowledge of the marital relationship."

In the circumstances of this case it was the exclusive business of the jury to weigh the evidence under proper instructions as to the law by the court.

Reversed and remanded.

Palmer, "Manual of Minnesota Law", 3rd Ed., 1947.

We add that since the trial was had in the federal court for the District of Montana, an examination of Montana law reveals that the law of that state is not materially different from that of the State of Minnesota on the points in issue in suit. Moelleur v. Moelleur, 1918, 55 Mont. 30, 173 P. 419.

2. " 'The husband has a right of action, even though no affection existed at the time of

the wrongful acts committed. No one has a right to interfere to cut off any chance of its springing up in the future, and so long as the husband keeps his marriage contract, so long he has a right to conjugal society and affection of his wife. Possibly he may regain these if they be lost and this possibility is his valuable right.' That, in substance, was held correct as expressive of 'the sounder rule' and as being 'consonant with a sound public policy.' " Ruble v. Ruble, 1938, 203 Minn. 399, 281 N.W. 529, 530.