## JUSTIN JONES *vs.* WALTER S. GOODWILLIE.

Suffolk. Nov. 15, 1886. — Jan. 7, 1887. HOLMES & GARDNER, JJ., absent.

If the mortgagor of personal property consents to the removal of the property from his possession by a third person, such removal does not amount to a conversion of the property; and the mortgagee cannot maintain an action therefor against such person.

If personal property of two persons is mingled, and one makes a bill of sale of his own, reserving the rights of all other persons, such sale does not of itself amount to a conversion of the property of the other.

If the personal property of A. and B. is mingled, and, while in the possession of B., the claim of A. to a portion of the property is not controverted by B., who tells A. to take his own, this does not of itself amount to a conversion of A.'s property, although B. has previously sold the whole to a third person.

If B. sells the property of A. to a third person, he is not responsible to A. for the subsequent wrongful acts of the third person in respect to the property.

W. ALLEN, J.   This is an action of tort for the conversion of a printing-press and a quantity of type.   The defendant justifies under the Goodwillie-Wyman Company, a corporation, and the plaintiff claims under John A. Littlefield and George E. Littlefield, to whom the Goodwillie-Wyman Company delivered the property under conditional contracts of sale.   The condition of the sale of the type has not been performed; it was in dispute whether the sale ever became absolute as to the printing-press. While the Littlefields were in possession under the contracts, they gave to the plaintiff a bill of sale of all the property, and took back from him a conditional contract of sale.   It was a question whether the sale to the plaintiff was absolute, in payment of a debt due to him from the Littlefields, or as security for the debt.   The defendant removed the property from the printing-office of the Littlefields, where it was in use by them, to the place of business of the Goodwillie-Wyman Company; and the plaintiff relied upon this removal as a conversion of the property.   The plaintiff excepted to the following sentence in the charge to the jury relating to this matter :   " If the defendant did this at the request of the Littlefields, and the jury find that the bill of sale from them to the plaintiff was given merely for the purpose of securing their indebtedness to the plaintiff, this action cannot be maintained for such removal ; but if the removal was not with the consent of the Littlefields, it is of no importance whether the bill of sale was given to secure the debt of the Littlefields to the plaintiff, or in payment of such debt."

The instructions were correct.   If the transaction between the plaintiff and the Littlefields amounted to a mortgage, the Littlefields had at least the right of a mortgagor in possession to transfer the possession of the mortgaged property ; and the receiving the possession from them by a stranger would not be a conversion of the property.   The removal of the property from the Littlefields' possession, without their consent, unless under a paramount right, would be a conversion for which the plaintiff might recover, if he had the right either of an absolute owner or of a mortgagee.

The other questions relate only to a part of the property, the type.   The Littlefields had in their possession, and used, with the type claimed by the plaintiff, another quantity of type

called the Knight lot, which belonged to the Goodwillie-Wyman Company. The type claimed by the plaintiff had, in its use by the Littlefields, become mingled with this lot, so that they could not easily be separated, and they were removed together to the place of business of the Goodwillie-Wyman Company. While there, in that condition, there was a conditional sale of type by the defendant, acting for the corporation, to one Bacon, which the plaintiff contended was a conversion of the type claimed by him. The defendant testified that the sale was of the type in the Knight lot, and that the sale was expressed in the bill of sale as subject to the claim of any one for property in excess of the original Knight lot. The bill of sale is not set forth in the exceptions. The court, in its charge to the jury, said: " In the instrument in writing between the corporation and Bacon, showing what the contract was, there is a saving of the rights of all persons other than the corporation, and it is stated, in some form of words, that all that the corporation undertook to sell was the type and material in the Knight lot. If that was the nature of the transaction between the defendant and Bacon, it is not evidence of a conversion." We do not see in what respect this instruction is open to exception. It does not relate to a delivery, but to a contract of sale, and is to the effect that the contract of sale would not prove a conversion of type which it did not include. If the plaintiff had desired more particular instructions than were given, as to the effect of a delivery of the type claimed by him to Bacon by the defendant, he should have asked for them.

The next part of the charge which is excepted to is as follows: " The defendant admits that the type came to the office of the corporation in Boston. He says that, while the type was there, the plaintiff called and gave him information as to his claim, and that he said to the plaintiff, ' There is the type; take whatever belongs to you.' The theory of the defendant is, that, if the plaintiff had type in the office of the Littlefields, it had in its use become mixed with type belonging to the corporation, and could not easily be separated. If that is true, and if the defendant did not controvert the plaintiff's claim, but said, ' There is the type, take what is yours,' that would not be evidence of a conversion." The only objection to this instruction made in the

argument is, that it did not refer to the evidence offered by the plaintiff tending to show that the transaction was after the sale to Bacon. If that sale had included the type claimed by the plaintiff, and had been a conversion of it, it is difficult to see how not controverting the plaintiff's claim when informed of it by him, and telling him to take what was his, before the delivery of the goods to Bacon, or even after such delivery, would prove a conversion. It appeared that the type claimed by the plaintiff was delivered by the defendant to Bacon with the Knight lot, but no instructions were asked as to the effect of such delivery, apart from the contract of sale.

The only other exception is to the instruction that the defendant was not responsible for wrongful acts of Bacon after he had possession of the property. The only argument advanced in support of this objection is, that the sale to Bacon was a conversion, and made the defendant responsible for his acts. No authority is cited in support of this position, and the argument is not convincing.                    *Exceptions overruled.*

*F. B. Patten*, for the plaintiff.

*J. W. Hubbard*, for the defendant.