THOMAS J. TASKER *vs.* EDWARD E. STANLEY & another.
SAME *vs.* ELI B. TASKER & another.

Norfolk.  November 13, 1890. — January 12, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & MORTON, JJ.

*Husband and Wife — Alienation of Wife's Affections — Evidence.*

In an action for procuring and enticing the plaintiff's wife to be separated from him, the defendant may disprove any intent, in advising the wife, to cause a separation, and show that his advice was honestly given.

Evidence of a plaintiff's statement, that he was going to make as dirty a case of it as he could for one of the defendants, is admissible to show bias and to discredit his testimony.

TWO ACTIONS OF TORT, each against the defendant first named therein and his wife, for alienating the affections of the plaintiff's wife and enticing her to leave him. The cases were tried

together in the Superior Court, before *Hammond*, J., who allowed a bill of exceptions, in substance as follows.

The plaintiff introduced evidence, which was contradicted, tending to show that the acts of the defendants towards the plaintiff, and their statements and acts towards the plaintiff's wife and statements to her against and concerning the plaintiff, did alienate her affections from the plaintiff.

The counsel for the defendants was permitted, against the plaintiff's objection, to ask each of the defendants the question, " In doing whatever you did, or saying whatever you said, relative to this husband and wife, what was your purpose? " To which the defendants each answered, in substance, " To befriend both of them, what I thought was for their best interest."

A witness for the defendants was allowed to testify, against the objection of the plaintiff, that a week before the trial he had a conversation with the plaintiff relative to these actions, in which the plaintiff said that " he was going to make as dirty a case of it as he could for Mr. and Mrs. Eli B. Tasker; that he did not care for himself; and that they cared more for themselves than he did for himself."

The jury returned a verdict for the defendants; and the plaintiff alleged exceptions.

*R. Lund & W. E. Jewell*, ( *C. H. Welch* with them,) for the plaintiff.

*J. E. Cotter & C. F. Jenney*, for the defendants.

HOLMES, J.　These are actions for procuring and enticing the plaintiff's wife to live separately from him.　They are not actions of the type of *Lynch* v. *Knight*, 9 H. L. Cas. 577, brought for a slander in consequence of which his wife left him, but they are brought for persuasions which may have been based wholly upon the truth.　That is all that is alleged in the declarations, and, so far as appears from the bill of exceptions, there was no evidence offered that the defendants spoke any falsehoods, or that their conduct was unlawful for any other reason than its tendency to produce a separation.　*Winsmore* v. *Greenbank*, Willes, 577, 583.

True statements and honest advice would have done no harm but for the subsequent act of the wife, an independent and responsible person.　The defendants had a right to deny their

intent to bring about that act. See *Robbins* v. *Fletcher*, 101 Mass. 115, 117; *Snow* v. *Paine*, 114 Mass. 520; *Commonwealth* v. *Damon*, 136 Mass. 441, 449. And probably they would not be liable for it unless they intended it. See *Tutein* v. *Hurley*, 98 Mass. 211; *Hastings* v. *Stetson*, 126 Mass. 329; *Jones* v. *Goodwillie*, 143 Mass. 281; *Clifford* v. *Atlantic Cotton Mills*, 146 Mass. 47, 49; *Elmer* v. *Fessenden*, 151 Mass. 359, 362; *Vicars* v. *Wilcocks*, 8 East, 1, 3; *Ward* v. *Weeks*, 7 Bing. 211, 215; *Radley* v. *London & Northwestern Railway*, 1 App. Cas. 754, 759; *Milwaukee & St. Paul Railway* v. *Kellogg*, 94 U. S. 469, 475; *Cuff* v. *Newark & New York Railroad*, 6 Vroom, 17, 30, *et seq.*

If the defendants did intend to induce a separation, they had a right to show that their advice was given honestly, with a view to the welfare of both parties. For a married woman to leave her husband without cause is not a great crime. It is legal if with his consent, and if against his will it is only illegal in the sense that, if she keeps away from him for three years, he may get a divorce. A married woman must be supposed to be capable of receiving advice to separate from her husband without losing her reason or responsibility. Considering the present state of the law as to the act advised, (an important consideration, *State* v. *Goode*, 1 Hawks, 463, 464,) and as to the person to whom the advice is given, it is proper to allow a larger privilege than in the case of false statements. Good intentions are no excuse for spreading slanders. But in order to make a man who has no special influence or authority answerable for mere advice of this kind because it is followed, we think that it ought to appear that the advice was not honestly given, that it did not represent his real opinions, or that it was given from malevolent motives; and so are all the cases. *Walker* v. *Cronin*, 107 Mass. 555, 564, 566. *Barnes* v. *Allen*, 1 Abb. (N. Y. App.) 111. *Hutcheson* v. *Peck*, 5 Johns. 196. *Modisett* v. *McPike*, 74 Misso. 636, 648. *Rinehart* v. *Bills*, 82 Misso. 534, 537. Pollock, Torts, (2d ed.) 479, 480. *Bowen* v. *Hall*, 6 Q. B. D. 333, 338, 344. *Lumley* v. *Gye*, 2 El. & Bl. 216.

Evidence of the plaintiff's statement, that he was going to make as dirty a case of it as he could for certain of the defendants, was admissible as tending to show bias and to discredit his testimony. *Day* v. *Stickney*, 14 Allen, 255.

*Exceptions overruled.*