Margaret SCHANCK, Appellant,

v.

Marvin JONES, Appellee.

No. 12643.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 8, 1955.

Decided Jan. 5, 1956.

Mr. Albert J. Ahern, Jr., Washington, D. C., with whom Mr. James J. Laughlin,

8. See Hynes v. Grimes Packing Co., supra, 337 U.S. at page 114 note 39, 69 S.Ct. 985.

Washington, D. C., was on the brief, for appellant.

Mr. John J. O'Brien, Washington, D. C., for appellee.

Before WILBUR K. MILLER, FAHY and BASTIAN, Circuit Judges.

PER CURIAM.

Appellant filed a complaint in the District Court to impress a constructive trust on the proceeds of certain funds awarded to appellee as compensation resulting from a condemnation proceeding. Defendant (appellee), the former husband of plaintiff (appellant), was successful in *Civil Action 921–53, Jones v. Jones*, and was awarded an absolute divorce, the property taken in the condemnation proceeding being by the judgment of divorce vested in him solely. The complaint alleges that the appellee orally contracted with appellant that, should the appellant abandon her appeal in the divorce action, the appellee would covenant that appellant should receive one-third of any verdict returned by the condemnation jury on the above property, which had been jointly owned by them prior to the judgment in the divorce case. The complaint sets forth that the appellant relinquished her right to appeal to this court, in reliance on and pursuant to the terms of the alleged contract; and that, after her right to appeal had expired, appellee repudiated his agreement and refused to pay the amount agreed as settlement. The complaint further sets forth that a jury verdict of $20,500.00 was received and appellant prayed that a constructive trust be impressed in the amount of $6,833.33. After answer, wherein appellee specifically denied any such contract with appellant, appellee filed a motion for summary judgment supported by an affidavit in which he reiterated that no contract had ever been made between the parties. Appellant filed opposition to the motion, along with her affidavit setting forth further facts as to how appellant had completed her terms of the contract. Upon argument, the trial judge granted summary judgment for appellee.

■ Appellant urges that the trial judge committed error in granting the motion for summary judgment, in that a genuine and material factual issue existed. In view of the fact that in the instant case we have contradictory affidavits, we are inclined to agree. We think the trial judge should not have granted the motion since such an issue existed, an issue which should be determined only after a trial on the merits.

■ One further point requires discussion. Appellee urges that appellant's claim is barred by the statute of frauds. We think this is hardly the case in view of the fact that the alleged agreement, or oral contract, concerns personalty, i. e., money received from condemnation proceedings. But even if the contract were within the statute of frauds, it is well settled[1] that the compromising of legal proceedings and the relinquishment of rights in connection therewith (here, the alleged abandonment by appellant of her appeal in the divorce proceeding) are such part performance of an oral agreement as to except it from the operation of the statute of frauds.

Reversed and remanded.

[1]. 101 A.L.R. 1110; 49 Am.Jur. § 475; cf. also *Brewood v. Cook*, 92 U.S.App.D.C. 386, 207 F.2d 439.