Marvin JONES, Appellant,

v.

Margaret SCHANCK, Appellee.

No. 13775.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 7, 1957.

Decided Oct. 17, 1957.

Petition for Rehearing Denied
Oct. 31, 1957.

Mr. John J. O'Brien, Washington, D. C., for appellant.

Mr. James J. Laughlin, Washington, D. C., with whom Mr. Albert J. Ahern, Jr., Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, FAHY and BASTIAN, Circuit Judges.

### PER CURIAM.

This case is before us for the second time. On the first appeal we reversed a judgment for the now appellant which had been entered on a motion for summary judgment.

This action seeks to impose a constructive trust on the proceeds of certain property taken in condemnation proceedings in the District Court.[1] At the trial of the case following the reversal here, the District Court entered judgment impressing the proceeds of the condemnation with the trust in favor of appellee.

 On this appeal from that judgment appellant urges that error was committed in permitting counsel for appellee, on cross-examination of appellant, to inquire as to certain actions by appellant seeking to have appellee arrested,

removed from her position in government service, and similar acts. The District Court admitted this evidence to show bias and animus. We think it was proper for that purpose. See Villaroman v. United States, 1950, 87 U.S.App.D.C. 240, 241, 184 F.2d 261, 262, 21 A.L.R.2d 1074, where we said, quoting State v. Decker, 161 Mo.App. 396, 143 S.W. 544:

> " 'A wide range of cross-examination should be allowed to show the *motive, interest,* or animus of a witness. * * * The jury have the right both in civil and criminal cases to consider the interest which the witness may have in the result of the litigation.' "

Even where a party testifies, his hostility to the opposite party may be shown, if pronounced. Stockham v. Malcolm, 111 Md. 615, 74 A. 569; Tasker v. Stanley, 153 Mass. 148, 26 N.E. 417, 10 L.R.A. 468; Nolan v. Glynn, 163 Iowa 146, 142 N.W. 1029; Freeman v. Freeman, 238 Mass. 150, 130 N.E. 220.

In Stockham, where actions of a party showing bias and hostility were admitted, the court, in holding this to be proper, said:

> "Every party to a suit is interested in its result, and that fact ought to be, and usually is, taken into consideration by the jury in weighing the evidence of parties; but interest and bias are not the same." 111 Md. at page 623, 74 A. at page 572.

 Appellant also claims that the trial court erred in finding for appellee. We are unable to say that the findings of the trial court were clearly erroneous. Rule 52(a), F.R.Civ.P.

We have examined other errors assigned by appellant and find none affecting substantial rights.

Affirmed.

---

1. Schanck v. Jones, 1956, 97 U.S.App.D.C. 148, 229 F.2d 31. The full facts sufficiently appear in the opinion in that appeal.