Thomas W. JOHNSON and Robert L. Johnson, Appellants,

v.

UNITED STATES, Appellee.

No. 2261.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 20, 1958.

Decided Dec. 12, 1958.

Rehearing Denied Jan. 6, 1959.

1. Reid v. Belt, D.C.Mun.App., 109 A.2d 137, 140.

John T. Bonner, Washington, D. C., for appellants.

Edward C. O'Connell, Asst. U. S. Atty., Washington, D. C., with whom Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellants, who are brothers, engaged in a fight with the complaining witness in the front yard of the latter's home. As a result complaining witness suffered a broken nose, lost one tooth and had two other teeth chipped. Appellants were charged with and convicted of assault.[1] On this appeal they assign two errors.

The first assignment charges error in the refusal of the trial court to permit the complaining witness and his mother, who testified on his behalf, to be asked on cross-examination "whether or not any animosity existed between either witness and either defendant."[2] The trial court gave no reason for excluding the questions, but the Government suggests that they were properly excluded because improperly phrased. However, we believe the import of the questions was clear to the witnesses and that the questions should have been allowed. It is a general rule that a witness may be cross-examined to show his bias for or against a party. "Bias of a witness is always relevant." Villaroman v. United States, 87 U.S.App.D.C. 240, 241, 184 F.2d 261, 262, 21 A.L.R.2d 1074, 1076.[3]

However, not every error in the admission or exclusion of evidence requires "the monstrous penalty of a new trial."[4] Here the error was harmless, for it was more than obvious to the jury that the complaining witness, who had been beaten by appellants, and his mother, who had witnessed a part of the fight and who would have joined in except for being restrained by one of appellants, had no friendly regard for either of appellants. Their attitude was apparent. See State v. Myers, 7 N.J. 465, 81 A.2d 710, 25 A.L.R.2d 1171.

The second assignment charges error in the refusal of the trial court to instruct the jury that: "If you find that Thomas Johnson struck Mr. DiPol [the

---

1. Code 1951, 22–504.

2. We have quoted from the statement of proceedings and evidence. Appellants in their brief say the correct version is that each witness was asked the same questions: "Do you have any animosity towards the defendant, Robert Johnson?" And "Do you have any animosity towards the defendant, Thomas Johnson?"

3. See also Ewing v. United States, 77 U.S. App.D.C. 14, 21, 135 F.2d 633, 640.

4. Guy v. United States, 71 App.D.C. 89, 91, 107 F.2d 288, 290, certiorari denied 308 U.S. 618, 60 S.Ct. 296, 84 L.Ed. 516, quoting from 1 Wigmore, Evidence, 2d Ed., p. 221.

complaining witness] in an effort to break up the fight or prevent serious injury to his brother, you must find Thomas Johnson not guilty." The requested instruction was defective in more than one respect. Drawn as it was in the alternative, it would have required an acquittal if the blow was struck merely to "break up a fight," regardless of all other factors. Such is not the law. The instruction was also defective in that it placed no limitation on the degree of force used. We find no error in the refusal of this instruction, particularly in view of the statement in the record that the court gave "proper instructions on the defense of self-defense."

Affirmed.