**Carl A. THOMPKINS, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**Nos. 4354, 4355.**

District of Columbia Court of Appeals.

Argued Oct. 27, 1967.

Decided Dec. 27, 1967.

Charles B. Sullivan, Jr., Washington, D. C., for appellants.

Cornelius H. Doherty, Jr., Washington, D.C., for appellees.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN, (Associate Judge, Retired).

William C. Pryor (appointed by this court), for appellant.

Henry K. Osterman, Atty., Dept. of Justice, of the bar of New York, by special leave of court, with whom David G. Bress, U. S. Atty., Frank Q. Nebeker and Charles A. Mays, Asst. U. S. Attys., were on the brief, for appellee.

Before HOOD, Chief Judge, and MYERS and KELLY, Associate Judges.

KELLY, Associate Judge.

Appellant was convicted by a jury of attempted larceny and assault.[1] It is urged on appeal that the trial court erred in sustaining an objection to appellant's attempt to impeach the Government's primary witness during cross-examination.

The complaining witness, a music teacher at Roosevelt High School, testified on direct examination that about 1:30 p. m. on March 8, 1967, appellant approached him in the hallway of the school, pointed what appeared to be a pistol at him, and demanded $200. He recognized appellant as a student he had known some years before while a teacher at Cardozo High School and was thus able to identify him to the police. On cross-examination an attempt was made to explore in more detail the nature and extent of this acquaintance. In response to questions of defense counsel, complainant testified that he had seen appellant several times since the days at Cardozo, but denied that appellant had ever before asked him for financial assistance. He did admit that appellant had visited him at his home, but when asked when this was, an objection was interposed on the ground that this line of questioning was an attempt to elicit testimony of a prior homosexual relationship between appellant and the complaining witness.

In support of the objection it was argued that such testimony was prejudicial and irrelevant to the offense charged; that it was improper to impeach a witness with specific acts of misconduct; and that the testimony, if admissible, was a part of the defense and not a proper subject of cross-examination. Defense counsel tendered the testimony to show that the alleged assault was merely an incident growing out of a long relationship between the parties, both sexual and financial, and that it would cast doubt on complainant's veracity. The court ultimately sustained the objection, with the right "to recall the witness in your own case, to put on your own independent proof, because this really is a matter of defense. It does go beyond the scope of the direct and does attempt to explore other matters."[2]

Complainant was excused, subject to recall by the defense. The only other witness, a detective, testified that upon arrest appellant admitted he had been at the school but denied having with him either a real or imitation pistol. After the denial of his motion for judgment of acquittal made at the close of the Government's case, appellant elected not to put on any testimony.

■■■ Appellant is correct in stating that he was entitled to develop bias of the complaining witness on cross-examination. In citing cases holding that only a criminal conviction may be used to impeach the credibility of a witness and that arrests or acts of misconduct not resulting in conviction may not be used,[3] the Government misconstrues the purpose for which the complaining witness was to be cross-examined. Appellant was not seeking to impeach complainant's credibility by showing that he was a homosexual and that homosexuality showed a lack of credibility. Rather, he

1. D.C.Code 1967, §§ 22–103, 22–2202, 22–504. He was acquitted of the charge of possession of a prohibited weapon. D.C.Code 1967, § 22–3214(b).

2. Appellant's attorney did not waive cross-examination by suggesting that he would recall complainant as a hostile witness,

since he made it clear to the trial judge that he wanted to pursue the matter at that point in the trial.

3. E. g., Beasley v. United States, 94 U.S. App.D.C. 406, 218 F.2d 366 (1954), cert. denied, 349 U.S. 907, 75 S.Ct. 584, 99 L.Ed. 1243 (1955).

was seeking to elicit the relationship in order to show the bias of the witness against him in this case, with its consequent effect on the witness' veracity. And while it is true that specific acts of misconduct not resulting in a criminal conviction are inadmissible to impeach a witness' credibility, they are admissible to show a witness' bias.[4]

It has been held many times that bias or prejudice of a witness is always relevant.[5] And the rule does not change when the matter used to show bias or prejudice concerns sexual misconduct.[6] Appellee would distinguish the present case on the ground that the testimony of the alleged relationship between appellant and complainant would go only to show appellant's motive, which motive could have been shown by testimony of appellant himself if he had taken the stand. It seems clear, however, that the purpose of the cross-examination was to show the motive of the witness for not telling the truth about the alleged assault, not appellant's motive for committing a crime, as the trial judge apparently held. We think this a legitimate purpose of cross-examination and not a matter to be brought out by independent proof on defense. Nor do we believe that an attempt to impeach a witness on the ground of bias can be said to be collateral to the issues or to exceed the scope of direct examination. To the contrary, it is a direct attack upon the truth of the testimony given and can be made on cross-examination as well as by way of contradiction. Ewing v. United States, 77 U.S. App.D.C. 14, 22–23, 135 F.2d 633, 641–642 (1942), cert. denied, 318 U.S. 776, 63 S.Ct. 829, 87 L.Ed. 1145 (1943). We therefore hold that it was error to sustain the objection and thus restrict appellant's attempt to show bias on cross-examination.

Reversed and remanded for a new trial.

4. Jones v. Schanck, 101 U.S.App.D.C. 336, 248 F.2d 658 (1957); McFarland v. United States, 85 U.S.App.D.C. 19, 174 F.2d 538 (1949); United States v. Edmonds, 63 F.Supp. 968 (D.D.C.1946).

5. Wynn v. United States, U.S.App.D.C. (No. 20,723, decided November 16, 1967); Jones v. Schanck, 101 U.S.App.D.C. 336, 337, 248 F.2d 658, 659 (1957); Villaroman v. United States, 87 U.S.App.D.C. 240, 241, 184 F.2d 261, 262, 21 A.L.R. 2d 1074, 1076 (1950); McFarland v. United States, 85 U.S.App.D.C. 19, 20–21, 174 F.2d 538, 539–540 (1949); Ewing v. United States, 77 U.S.App.D.C. 14, 21, 135 F.2d 633, 640 (1942), cert. denied, 318 U.S. 776, 63 S.Ct. 829, 87 L.Ed. 1145 (1943); United States v. Edmonds, 63 F.Supp. 968, 973 (D.D.C.1946); Johnson v. United States, D.C.Mun.App., 146 A.2d 573, 574 (1958); Davenport v. District of Columbia, D.C.Mun.App., 61 A.2d 486, 489 (1948).

6. McFarland v. United States, supra, note 4; United States v. Edmonds, supra, note 4.