**Charles J. BROWN, Appellant,**

**v.**

**Patricia F. BROWN, Appellee.**

**No. 9268.**

District of Columbia Court of Appeals.

Submitted July 15, 1975.

Decided Aug. 14, 1975.

John C. LaPrade, Washington, D.C., was on the brief for appellant.

Albert Ginsberg, Joseph H. Schneider and Herbert D. Horowitz, Silver Spring, Ind., were on the brief for appellee.

Before REILLY, Chief Judge, and KELLY and NEBEKER, Associate Judges.

PER CURIAM:

At issue in this appeal—filed by a husband from denial of a motion "to vacate or amend the divorce decree and for a new trial"—is the refusal of the trial court to honor a pretrial settlement arrived at by the parties in the framing of the decree.

The suit was commenced by the wife in a complaint alleging mutually voluntary separation for a period of more than one year, and requesting absolute divorce, custody of the couple's only child, alimony, and title to the house then held by the couple as tenants by the entirety. The husband counterclaimed on the grounds of adultery and desertion, asserting that the wife had left the marital home for another man.

Prior to the trial, counsel for both parties—each of whom was employed—with the consent of their principals, negotiated a settlement agreement. Under its terms, title to the marital real estate was to be given solely to the husband in return for a cash payment to the wife of $1,700; the husband was to withdraw his countersuit, and let his wife obtain a divorce decree, sole custody of the child, and support payments for the child of $20 a week.[1]

On the morning of the trial, counsel for the litigants signed and filed a *praecipe* removing the case from the "contested" to the "uncontested" calendar. Shortly thereafter the wife telephoned her lawyer to tell him that she had had second thoughts and would not accept the agreement. The case then proceeded to trial, the court taking the position that because real estate was involved, the oral agreement to which both counsel referred was not enforceable. Apparently the court had in mind the fourth clause of the Statute of Frauds, D.C.Code 1973, § 28–3502, which requires "a contract or sale of real estate, of any interest in or concerning it," to be in writing. Testimony was taken showing that the wife had contributed one half the down payment ($750) and had made other contributions to the jointure during the three years before the spouses parted company, after which the husband took over the requisite payments. The court was of the opinion that the wife was entitled to half the proceeds of any sale. But noting that the equity was small, the court expressed the view that putting up the property for sale might result in a financial loss to both parties and advised them to reach an out-of-court agreement. In the course of the trial, counsel for the husband announced he was withdrawing his counterclaim.

About six weeks later, the court held a further hearing at which neither the husband nor his counsel was present. Immediately thereafter, the court issued an order granting a divorce, providing $25 a

1. The $1,700 figure is taken from the post-trial motion, as neither the agreement nor the *praecipe* was certified to this court as part of the record on appeal. The wife, on the witness stand, said that the $20 payment had been orally agreed to and was satisfactory to her.

week in child support,[2] and that the joint real estate be sold, with the net proceeds to be divided equally between the parties. The husband then filed a written motion to vacate, the denial of which is the subject of this appeal.

The only question before us is whether the trial court erred in failing to give effect to the pretrial agreement. In this jurisdiction, it is well established that settlement agreements are entitled to enforcement under general principles of contract law:

> The law favors the settlement of controversies, and a valid and binding agreement of compromise and settlement will be enforced as any other contract. To be valid and binding there must be an offer and an acceptance, and consideration to support the agreement. . . . [*Rommel v. West American Insurance Company*, D.C.Mun.App., 158 A.2d 683, 684–85 (1960) (footnote omitted).]

The agreement at issue here was an oral one. There may have been some question in the trial court as to whether settlement agreements have to be in writing, but it is recognized in this jurisdiction that "[l]awsuits may, of course, be compromised by oral contract." *Autera v. Robinson*, 136 U.S.App.D.C. 216, 217 n.1, 419 F.2d 1197, 1198 n.1 (1969). In *Autera*, the trial court enforced a settlement agreed to orally by both plaintiffs but signed by only one. The Court of Appeals for the District of Columbia Circuit remanded for an evidentiary hearing as to whether the parties understood the agreement and validly assented, but the opinion makes clear the principle that an oral settlement which otherwise conforms to general contract law is enforceable.

The problem of knowing assent on the part of the wife is not present here. At trial her counsel, disclaiming any intent to repudiate his part of the bargain, stated in open court when she was present that he had discussed with her on the telephone the conditions of the proposed settlement, and finally she said: "Well, I don't like it, but if you think it's all right, you are the lawyer, you go ahead and agree to it."

The transcript then reads:

> . . . I called counsel for the defendant back and told him it was acceptable and he told me he would—He felt he could convince his client to accept it.
>
> This morning I signed the uncontested *praecipe* on the basis of our agreement. Then when I went to come over, she said she was confused. While she was working, she called and said she had some other thoughts and that she would not accept it.
>
> So I was not trying a double cross. I mean—
>
> THE COURT: Mrs. Brown, is your position the same?
>
> THE PLAINTIFF: As what counsel just said?
>
> THE COURT: Yes.
>
> THE PLAINTIFF: Yes.

To be sure, if the statute of frauds made it necessary for those provisions of the agreement dealing with the wife's relinquishment of joint title to the real estate to be in writing, the trial court was correct. But under the broad principle of equitable estoppel, the courts have recognized several exceptions to the extended reach of this statute in real estate transactions. *Schanck v. Jones*, 97 U.S.App.D.C. 148, 229 F.2d 31 (1956); *Brewood v. Cook*, 92 U.S.App.D.C. 386, 207 F.2d 439 (1953). In *Schanck* it was held that part performance by a person relying on an oral contract

2. The document as typed shows this sum as $20, but that figure was crossed out and $25 substituted.

disposing of an interest in land bars as a defense the absence of a written instrument.

In our opinion, the *Schanck* decision, where a divorce settlement was at issue, is controlling precedent. There, a trial court had originally awarded the proceeds of joint property[3] to a husband, the successful party in a divorce action. The wife relinquished her right to appeal pursuant to an oral settlement under which she was to receive one third of the condemnation judgment. Subsequently the husband repudiated such agreement, but the court held that the wife's performance of her side of the bargain gave her a cause of action. The court observed:

> One further point requires discussion. Appellee urges that appellant's claim is barred by the statute of frauds. We think this is hardly the case in view of the fact that the alleged agreement, or oral contract, concerns personalty, i. e., money received from condemnation proceedings. But even if the contract were within the statute of frauds, it is well settled that the compromising of legal proceedings and the relinquishment of rights in connection therewith (here, the alleged abandonment by appellant of her appeal in the divorce proceeding) are such part performance of an oral agreement as to except it from the operation of the statute of frauds. [*Schanck v. Jones,* 97 U.S.App.D.C. at 149, 229 F.2d at 32. (Footnote omitted.)]

Here, the husband performed his part of the oral agreement by authorizing the filing of the pretrial *praecipe* and withdrawing his countersuit.[4] In our view this was sufficient to bring the oral agreement outside the statute. Hence the court, after hearing the supporting statement of the wife's counsel, the truth of which she confirmed when interrogated by the court, was in error in refusing to hold the parties bound by it.

The issue of the increase in child support payments in excess of the agreed upon amount presents a separate problem. Had this provision of the order been based solely on the trial testimony, we should be inclined to say that the court should also have honored this part of the agreement. In denying the motion to vacate, however, the court, referring to the supplementary hearing at which the husband was not present, stated that it had exercised its discretion in determining the amount after hearing the needs of the child, the ability of the husband to pay, and the financial circumstances of the parties.[5] Accordingly, we deem this action of the court as within the scope of its discretion. It was held in *Blumenthal v. Blumenthal,* D.C. Mun.App., 155 A.2d 525 (1959), that notwithstanding an agreement of the parents, a trial court may order a larger amount to be paid after considering the needs of children and the father's ability to provide for them.

*Reversed in part, affirmed in part, and remanded for further proceedings not inconsistent with this opinion.*[6]

3. The property was the subject of a pending condemnation proceeding.

4. It is argued that the husband gave up nothing by withdrawing the counterclaim, for a suit alleging adultery cannot be maintained without naming the co-respondent as a defendant and serving process on him. D.C. Code 1973, § 16-917. If the identity of the co-respondent cannot be determined, however, or if he is known only by a fictitious name —which seems to be the situation here—it is unnecessary to make him a party. *McLarren v. McLarren,* 45 App.D.C. 237 (1916).

5. No transcript of the supplementary hearing was made. Thus appellant has no basis in this court for challenging the finding. The trial court found that he had notice of such hearing.

6. Counsel for the wife on appeal, who are not the same as her trial counsel, make the point that all the certified record discloses as to the amount of cash involved in the property settlement is the figure mentioned in the husband's unverified motion. If the correctness of this figure is in issue, the court may resolve the matter at an evidentiary hearing.