Louis A. KLEIMAN, et al., Appellants,

v.

Carolyn R. KLEIMAN, Appellee.

No. 89–CV–955.

District of Columbia Court of Appeals.

Argued March 4, 1993.

Decided Nov. 22, 1993.

Ted Kavrukov, Arlington, VA, for appellants.

Rebecca J. Habbert, McLean, VA, for appellee.

Before STEADMAN and WAGNER, Associate Judges, and KERN, Senior Judge.

WAGNER, Associate Judge:

Appellants, Louis A. Kleiman and his attorney, Ted Kavrukov, appeal from an order of the trial court requiring them to pay attorney's fees in the amount $17,928.00 to appellee, Carolyn R. Kleiman, and for appellant Kleiman to pay her $3,149.35 as costs as sanctions under Super.Ct.Civ.R. 11. The trial court ruled that appellants violated Rule 11 by filing an amended complaint seeking to enforce the terms of a property settlement agreement entered by the Kleimans which was incorporated, but not merged, in their final judgment of absolute divorce. The trial court's finding of a Rule 11 violation was based "mainly upon the overwhelming evidence that there never was a written separation agreement" between the parties as alleged in the amended complaint. The court made this finding after a hearing on the merits of appellant Kleiman's claim for division of former marital property pursuant to an agreement entered by the parties. We reverse and order the trial court to vacate the order granting Rule 11 sanctions.

I.

The record discloses the following facts pertinent to our disposition of the issues raised on appeal. Appellant Kleiman and appellee were granted a judgment of absolute divorce in the Superior Court of the District of Columbia on December 5, 1983. In that divorce action, appellant Kleiman alleged in the complaint, *inter alia*, that:

There are no property rights to be adjudicated. The parties have disposed of all such rights and obligations as exist between and among themselves pursuant to an agreement signed by both parties. The parties are financially able to abide by the terms and conditions contained in said agreement, and each has had the opportunity to have the advice of counsel with regard to same.

Appellee filed a verified answer admitting the allegations contained in the above-quoted paragraph. The judgment entered in the divorce action recites the court's finding, based upon the evidence adduced, and that the parties had disposed of their property rights pursuant to an agreement signed by both. The judgment further states that "said agreement is incorporated by reference, but is not merged." Both parties signed a praecipe in the divorce action informing the court that the case was uncontested as to all issues. Thereafter, both parties filed a notice of appeal on December 6, 1983, and both signed a praecipe dated that same date indicating that each waived any and all rights to appeal and sought to have the judgment become final immediately.

On April 29, 1986, appellant Kleiman, through counsel at the time, appellant Kavrukov, initiated this action by filing a complaint for partition and sale of real property pursuant to D.C.Code § 16–2901 (1989). He alleged that the parties were formerly husband and wife who owned the real property known as One & Two Logan Circle, N.W., Washington, D.C.; that the parties were tenants in common; that the property could not be divided without loss or injury to the parties; that he had maintained and preserved the property; and that he had made substantial improvements which entitled him to a certain amount of the proceeds. Appellee answered that the property was subject to division in kind in that each of the parties occupied one of two separate properties, although they were of unequal value. It was appellee who pleaded the provisions of the prior divorce judgment in her original answer, specifically contending:

> in answer [to paragraph 4 of the complaint], the defendant alleges that a final judgment of divorce was entered in this court in the Family Division in Civil Action No. D–03251–83 on the 5th day of December, 1983, and at that time the court found as follows:
>
>> [T]here are no property rights to be adjudicated. The parties have disposed of all such rights and obligations as exist between and among themselves pursuant to an agreement signed by both parties. Said agreement is incorporated by reference but is not merged.

Appellee further asserted that any property rights to be adjudicated in the partition action should be based on an equitable distribution "under the terms of the [d]omestic [r]elations case."

Only after appellee pleaded the prior judgment did appellant Kleiman file under the signature of appellant Kavrukov, as counsel, an amended complaint also setting forth the provision of the divorce judgment as relied upon by appellee in her original answer. Appellant Kleiman also alleged in the amended complaint that appellee refused to convey to him the real property known as Two Logan Circle pursuant to the referenced agreement and that he was ready and willing to convey to appellee, in kind, the property known as One Logan Circle. Appellants attached to the complaint what purports to be an unexecuted copy of the settlement agreement referred to in the divorce action.[1]

In answer to the amended complaint, appellee admitted the existence of only an oral agreement between the parties at the time of the divorce. She also pleaded in bar the statute of frauds, the statute of limitations and/or laches, waiver, and estoppel. Appellee alleged that appellant Kleiman had failed and refused to perform his obligations under either the unsigned written agreement between the parties or their oral agreement. She also asserted that the unsigned written agreement did not reflect accurately the parties' oral agreement in that "several material terms of that agreement did not appear in the written unsigned agreement." Appellee prayed alternatively that the court rescind or cancel the contract, if it determined that one existed, or that it partition the parties' real property and award her 75% of the proceeds.[2] The trial court entered findings of fact and conclusions of law on the record and ordered a partition by judicial sale of the property, granting 45% to Louis Kleiman and 55% to Carolyn Kleiman.[3]

1. That document states that appellant Kleiman should own One Logan Circle, while appellee should own Two Logan Circle. It further provides that appellant Kleiman would be responsible for rebuilding the back wall and improving the roof of Two Logan Circle.

2. Appellee also alleged that the parties were co-owners of certain personal property for which she sought partition or exclusive ownership rights.

3. The parties have not challenged on appeal the trial court's decision ordering the sale and determining their respective interests in the real property.

According to the opinion in a separate case involving two of the parties to this appeal, the trial court heard the two cases in sequence, entertaining first a claim against Aetna Casualty and Surety Company filed by appellant Kleiman in which appellee intervened. Thereafter the court considered this case between the Kleimans. See *Kleiman v. Aetna Cas. & Sur. Co.*, 581 A.2d 1263, 1265 n. 2 (D.C.1990).

Appellee filed a motion for the imposition of Rule 11 sanctions based primarily upon the filing of the original complaint in this case. She contended that the original complaint represented an abusive litigation tactic. According to appellee, appellants' improper purpose for filing the original complaint is shown by appellants' trial testimony, as well as by the amended complaint, which she contends contradicts the original factual position which appellants took in the initial complaint.[4] The trial court did not impose sanctions on this basis.

In findings made in connection with the consolidated cases involving Aetna and the Kleimans, the court observed at the outset that its findings of fact and conclusions of law for both actions were also the findings of fact and conclusions of law insofar as the motions for sanctions before the court. The court found "clear, convincing, unequivocal evidence that there never was a written agreement, that's part of the findings of fact that I earlier made in connection with this matter." When appellant Kleiman's counsel proffered to the court that there was in effect a prior judgment of the Superior Court signed by another judge affirming the agreement, the court cut counsel off, and stated that the prior court, contrary to its explicit order, could not have examined the agreement because it never existed as far as the trial judge in this case was concerned. Appellant Kleiman's counsel continued, "I wish to put on the record since it was I who asserted this agreement in all points that there was a legitimate basis in fact to believe that there

was such an agreement inasmuch as it is incorporated in that particular order." Counsel further argued that the entire basis for the contest between the Kleimans was how the property should be divided and that it was the heart of the case.[5]

## II.

Appellants' principal argument is that in awarding sanctions, the trial court focused improperly upon the court's view of the evidence adduced at trial, rather than upon appellants' actions at the time of the filing of the amended complaint. We agree that the trial court's focus was improper and conclude that appellants had a sufficient factual basis for filing the amended complaint within the strictures of Rule 11.

Appellee argues that the record is inadequate to permit review of the trial court's decision. We disagree. Although appellants did not designate the complete record of the trial, they designated enough to demonstrate error. *See Cobb v. Standard Drug Co.,* 453 A.2d 110, 111 (D.C.1982). The trial court's order awarding sanctions, the record of the hearing thereon, and portions of the transcript from the underlying trial on the merits, as well as the record in the prior domestic relations proceeding were all designated as a part of the record on appeal, and this information is sufficient to demonstrate the error in the trial court's decision. These records show clearly that the trial court improperly focused upon its view of the evidence at the trial rather than upon whether

---

4. That motion also indicates that it is based upon appellants' opposition to the motion to dismiss wherein they assured appellee that the agreement had been terminated and no longer existed. The trial court's ruling is not based upon either the original complaint or the motion. No cross appeal has been taken for the failure of the court to rule on that basis.

5. The court reminded Ms. Beller, who was then appellant Kleiman's counsel, that this action started with an allegation that the parties were tenants-in-common. Under prior law, it was clear that, absent any agreement to the contrary, "[t]he entry of a final divorce decree dissolve[d] the tenancy by the entirety and convert[ed] it into a tenancy in common." *Travis v. Benson,* 360 A.2d 506, 509 (D.C.1976); D.C.Code § 16–910 (1973). There is sound argument for the propo-

sition that this principle remains in spite of the revisions in the present statute. *See* D.C.Code § 16–910 (1989); *see also Hinton v. Hinton,* 395 A.2d 7, 8 (D.C.1978). Also significant is the fact that another provision of the Code provides that unless otherwise specified, estates granted to two or more persons shall be as tenants-in-common. D.C.Code § 45–216 (1990). Whether this section of the Code operates to create a tenancy in common where the interest is decreed by the court under the terms of a divorce decree or whether it supports the continuation of the rule in *Travis* need not be resolved here. However, we point out these issues to explain why we do not attach the same significance to appellant Kleiman's allegation of the nature of the ownership interest of the parties which the trial court did.

appellants had some evidence to support the allegations in the amended complaint. *See Aetna, supra,* note 3, 581 A.2d at 1266. Only by rejecting appellant Kleiman's evidence at trial, making credibility determinations against him, rejecting the validity of the valid and subsisting judgment of a court of coordinate jurisdiction, and resolving the case on the merits, could the court reach the result it did. This is not the proper focus of a Rule 11 determination.

 Rule 11 provides for the imposition of sanctions against a party or attorney where the trial court finds that a pleading was factually groundless, unwarranted by existing law or a good faith argument for a modification of that law, or interposed for an improper purpose. Super.Ct.Civ.R. 11;[6] *Aetna, supra note 3,* 581 A.2d at 1266; *see Montgomery v. Jimmy's Tire & Auto Ctr.,* 566 A.2d 1025, 1029 (D.C.1989); *see also Brubaker v. City of Richmond,* 943 F.2d 1363, 1377 (4th Cir.1991). Our cases have held that the proper focus of the inquiry for Rule 11 purposes is the conduct of the parties at the time the pleading was submitted rather than the actions before or during trial. *Aetna,* 581 A.2d at 1266; *Montgomery,* 566 A.2d at 1029–30.

 Federal circuits interpreting the rule have made clear that "[o]nly where *no* factual basis exists is Rule 11's factual inquiry requirement violated." *Brubaker, supra,* 943 F.2d at 1377.[7] It is not required that the judge or jury ultimately agree with a party's factual allegations in examining whether the rule has been violated. *Id.* Rather, it is only necessary that the allegations be supported by some evidence. *Id.* We have

rejected sanctions premised on a view of the evidence with the benefit of hindsight. *Montgomery, supra,* 566 A.2d at 1029–30. That is because Rule 11 was not intended to impose sanctions against parties who had objective evidence of their claim but whose evidence was rejected in favor of that offered by the opposing side. *See Healey v. Chelsea Resources, Ltd.,* 947 F.2d 611, 626 (2nd Cir. 1991).

 In this case, appellant Kleiman had objective evidence supporting his claim at the time he filed the amended complaint. He had a valid and subsisting judgment of a court of coordinate jurisdiction explicitly finding that the parties had entered a property settlement agreement and incorporating that agreement by reference into the divorce judgment. Moreover, the record in the divorce case, which was proffered by appellant Kleiman's counsel at the time of the hearing, discloses that appellee admitted under oath to the fact of the agreement in the prior action. Indeed, it was appellee who first asserted in her answer to the original complaint in this case the trial court's findings in the prior action as a basis for an adjudication of rights in the property. Only then did appellants assert in the amended complaint the prior judgment, the filing of which formed the basis for the imposition of sanctions. The existence of all of this evidence alone provides an objective showing that appellants had support for the factual assertions made at the time of the filing of the complaint. Appellee also admitted in her own answer the existence of an oral agree-

---

6. Super.Ct.Civ.R. 11 provides in pertinent part:
 Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least 1 attorney of record in the attorney's individual name, . . . . The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact . . ., and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is signed in violation of this Rule, the Court, upon motion

or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.

7. In interpreting an identical federal rule, we will consider the federal cases interpreting the rule as persuasive authority. *Gray v. Washington,* 612 A.2d 839, 842 (D.C.1992); *Stansel v. American Sec. Bank,* 547 A.2d 990, 995 n. 8 (D.C.1988), *cert. denied,* 490 U.S. 1021, 109 S.Ct. 1746, 104 L.Ed.2d 183 (1989).

ment.[8] Appellee's own judicial admission, the parties' testimony about the agreement, and the reasonably anticipated res judicata effect of a prior judgment, insofar as the fact of the agreement is concerned, provide substantial evidence of the existence of the agreement.

■ The trial court is accorded broad discretion in determining whether or not a party or attorney has violated the factual inquiry or improper purpose provisions of Rule 11. *See Montgomery, supra,* 566 A.2d at 1029; *Westmoreland v. CBS, Inc.,* 248 U.S.App.D.C. 255, 261–62, 770 F.2d 1168, 1174–75 (1985). However, a decision based on an erroneous view of the law or a clearly erroneous evaluation of the evidence, would constitute an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 2460, 110 L.Ed.2d 359 (1990); *Healey, supra,* 947 F.2d at 622. Here, contrary to our prior holdings on the issue, the trial court failed to focus on the appellants' position at the time of filing and the evidence available to prove the claim. *See Aetna, supra note 3,* 581 A.2d at 1266. The trial court based its ruling on the underlying issues on the merits, resolving credibility issues against appellants and accepting appellee's evidence in spite of her sworn admission in the prior action and the findings of the court in the prior proceedings. In so doing, the court failed to take into account that appellants had substantial support for the factual assertions made at the time they filed

the amended complaint and improperly relied on the merits of the suit as determined at the time of trial. *See Montgomery,* 566 A.2d at 1029.

■ In any case there may be conflicting evidence with respect to the competing claims. A resolution of credibility in favor of one party over another should not alone result in the imposition of sanctions. That is why the inquiry necessarily must focus on the time of the filing of the pleading in question and whether there was any factual support for the allegations made in the pleadings. *Id.* Under the particular facts of this case, we conclude that the trial court abused its discretion in awarding sanctions to penalize the assertion of a claim which was supported by the evidence at the time of the filing based solely on the court's view of the evidence at the time of trial.[9]

Accordingly, we reverse the order of the trial court imposing sanctions, including attorney's fees and costs, and remand with instructions that the trial court vacate the order.

*Reversed and remanded.*

8. An oral agreement which conforms to the general requirements of contract law is enforceable, and if involving real property, may be outside of the statute of frauds where certain rights are relinquished during the course of legal proceedings, such as the abandonment of appeal rights. *Brown v. Brown,* 343 A.2d 59, 61–62 (D.C.1975); *Schanck v. Jones,* 97 U.S.App.D.C. 148, 149, 229 F.2d 31, 32 (1956).

9. Appellant Kleiman argues that the trial court erred in awarding costs under Super.Ct.Civ.R.

54(d) and 54–I. It appears from the record that these costs were awarded as a part of the sanctions for the Rule 11 violation found by the court. Given our disposition of the Rule 11 issue, the order for this award of costs must also be vacated. We note that appellee was granted other costs pursuant to Super.Ct.Civ.R. 54 which are not challenged on appeal.