**Dorothy Jeanne SMITH, Appellant,**

v.

**John Lewis SMITH, Appellee.**

**No. 95–FM–100.**

District of Columbia Court of Appeals.

Argued Feb. 9, 1996.

Decided April 4, 1996.

---

Mark G. Levine and Diane M. Brenneman, Washington, DC, for appellant.

David A. Sidbury, Washington, DC, for appellee.

Before FARRELL and KING, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

This is an appeal from an order which modified prior orders entered in the aftermath of a divorce proceeding. The order challenged in this appeal addressed a dispute over mortgage payments on real property, and also imposed a sanction on the attorneys for both sides. We affirm the amended order on the merits of the dispute and reverse the sanction with respect to appellant's attorney.[1]

The trial court, in October 1988, ordered appellant wife and appellee husband divorced, but declined to order payment of support to appellant. The court, however, did direct appellee to pay appellant's costs and attorney's fees. Later, in 1989, the order was amended, and appellee, among other things, was directed to pay a mortgage on appellant's house, which had been incurred primarily to finance appellee's business. When appellant failed to pay the mortgage, the order was again amended to provide that appellee was to pay the mortgage obligation by means of support and maintenance of appellant. The purpose of the last amendment was to ensure payment of the mortgage, as the motion papers, the transcribed colloquy, and much of the order plainly indicate.

In 1989, faced with appellee's continued intransigence, appellant secured an order garnishing appellee's wages in the amount of

---

1. Appellee's attorney did not appeal from the order imposing a sanction upon him.

$1800 per month. Appellee moved unsuccessfully to quash the garnishment. In June 1994, appellee again moved to quash the garnishment, this time at a point where the amount received through the garnishment approximated the amount of the mortgage when the initial divorce order was issued. Appellant, through her new attorney, argued that the garnishment should not be quashed since appellee was now subject to an order which imposed alimony. In a written decision and order, the trial court (a different judge presiding), found that the existing order intended only that the support order be a mechanism for ensuring the payment of the mortgage. He therefore quashed the garnishment order to the extent the mortgage had been paid, and denied it otherwise.

Within days of the last ruling, appellant's attorney filed a motion seeking to vacate the new order, arguing that the court did not have the power to modify the earlier support order, and that money was still owing on the mortgage. Appellee's attorney filed a response to that motion. In denying relief, the court sanctioned both attorneys, imposing a sum of money to be paid into the court's registry, ruling that the assertions made were not grounded in fact nor based upon a reasonable inquiry. *See* Super.Ct.Dom.Rel.R. 11.

■ We turn first to appellant's argument that the trial court erred in modifying the support order. Generally, once a court issues a final order, the policy of finality disfavors a revisitation to that order. *See Clement v. Department of Human Servs.*, 629 A.2d 1215, 1217–18 (D.C.1993). However, an order emanating from a divorce settlement does not fall within the general rule, for the law specifically provides that the trial court may modify such orders as necessary. *See* D.C.Code § 16–914(a) (1989 Repl.).

The inapplicability of the policy favoring finality here well suited appellant at one time, since she secured a substantial modification of the original final order. Moreover, as the order that the court sought to amend made clear, especially by its express incorporation of the transcripts, this was an evolving situation and material beyond the actual order was part of it. In short, the "exceptional circumstances," *Clement, supra*, 629 A.2d at 1219, were of appellant's making and leave unpersuasive her complaints about the trial court's modification of the order to take account of the circumstances. Inasmuch as the only thing the final modification provided was that the support obligation was to end once the mortgage was paid, we cannot discern how this is contrary, in any respect, to the intent of the court when it ordered the payment of support to ensure the payment of the mortgage.

■ Lastly, we consider whether the trial court abused its discretion, *Kennedy v. District of Columbia*, 654 A.2d 847, 859 (D.C. 1994), in sanctioning appellant's attorney for making essentially the same argument to it that we have rejected on this appeal.

Although it may not have proven persuasive ultimately, the argument advanced by appellant's attorney was "well grounded in fact." Indeed, the argument was that the wording in the contested order controls, and the factual reference point was the order itself, which counsel did not misconstrue. *See Kleiman v. Kleiman*, 633 A.2d 1378 (D.C.1993) (reliance on prior judgment). In sum, the trial court based its decision to sanction appellant's attorney "on an erroneous view of the law or a clearly erroneous evaluation of the evidence," which amounted to an abuse of discretion requiring reversal. *Id.* at 1383.

Accordingly, the order of the trial court is affirmed in part and reversed in part.

*So ordered.*